**CITY OF SAN ANTONIO, Appellant,**

v.

**INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 624, SAN ANTONIO, Texas, Appellee.**

No. 6530.

Court of Civil Appeals of Texas, El Paso.

July 21, 1976.

Rehearing Denied Aug. 18, 1976.

Crawford B. Reeder, City Atty., Jake Talley, Jr., Asst. City Atty., San Antonio, for appellant.

Gochman & Weir, Arthur Gochman, John Scarzafava, San Antonio, for appellee.

## OPINION

OSBORN, Justice.

This is a case of first impression involving the interpretation and application of Article 5154c–1, Tex.Rev.Civ.Stat.Ann., known as "The Fire and Police Employee Relations Act." We affirm in part and reverse and render in part.

The City of San Antonio has elected to be covered by the above mentioned Act, which provides for collective bargaining between cities, towns and other political subdivisions within the State, and firefighters and policemen whom they employ. The International Association of Fire Fighters, Local 624, as the bargaining agent for the City of San Antonio firemen, requested a six percent pay increase effective at the beginning of the City's fiscal year on August 1, 1975, with an additional two percent increase on February 1, 1976. The wage demand also sought the same percentage increase given other city employees, which might be over and above the total eight percent demands of the firemen. The Union also sought free parking for employees of the fire department who did not have such facilities provided at their place of employment. All other issues in dispute were settled by mediation, and after the City rejected arbitration, the pay and parking issues were tried in District Court as provided for in Section 16 of the Act. The parties stipulated that the only issue to be tried on wages would be with regard to the position of a "firefighter" and any wage increase ordered as to that position would be applicable to all other positions in the department.

Under Section 4 of the Act, political subdivisions of the State employing firefighters shall provide compensation and other conditions of employment that are substantially the same as prevail in comparable private sector employment. This section states " * * * therefore, compensation and other conditions of employment for those employees shall be based on prevailing private sector wages and working conditions in the labor market area in other jobs, or portions of other jobs, which require the same or similar skills, ability, and training, and which may be performed under the same or similar conditions."

The Union offered evidence and the trial Court found that there is no private sector employment in the applicable labor market comparable to that of a San Antonio firefighter. Substantial evidence was offered to show all the many and varied duties of a firefighter, the physical and mental requirements for such employment, and the dangers arising out of such employment. Evidence was also offered to show the strenuous testing of applicants and the continual training which they receive once they are selected for a position of firefighter. Many skills are required, and their knowledge must cover numerous subjects in order for them to be effective employees.

In San Antonio, firefighters normally are on duty 24 hours and off 48 hours, working an average 56-hour week at a starting salary of $752.00 per month, which is increased to $853.00 after 6 months and to $952.00 after 18 months. In addition, such employees receive $200.00 a year as a clothing allowance, 15 days a year sick leave, 15 days vacation and 10 holidays per year. They also have civil service benefits, a pension plan to which they and the City contribute, and benefits to cover on-the-job injuries. A substantial number of the firefighters, in addition to their regular employment, are either part-time students or have part-time jobs.

Only one witness, George A. Benz, Associate Professor of Economics at Saint Mary's University, testified as to prevailing private sector wages and working conditions in the labor market area in other jobs, or portions of other jobs, which require the same or similar skills, ability and training, and which may be performed under the same or similar conditions. He reviewed at length the task of other employees which he said are similar to a firefighter; he compared physical and mental requirements of firemen and other employees, and concluded that firefighters should be making $6.00 per hour, or $1,450.00 per month to be comparable to private sector employment. This would mean a fifty-three percent increase in current wages.

On August 28, 1975, the City of San Antonio, by ordinance, granted an across-the-board five percent pay increase to all its employees, including firefighters, effective November 8, 1975. Mr. Benz testified that

if such increase was "right for November 8, 1975," there was no reason for it not to be "right on August 1, 1975."

The trial Court found:

"5. The evidence, considered independently of the Ordinance (referred to in Finding of Fact No. 6), is insufficient to establish that City of San Antonio is in violation of the requirements of Section 4 of Article 5154c–1.

"6. On August 28, 1975, City of San Antonio, by Ordinance, granted an across-the-board five percent pay increase effective November 8, 1975, to its employees, including Firefighters, while this cause was pending, without condition and without reference, in any respect, to this cause.

"7. The evidence, supported by such Ordinance, establishes that Firefighters are entitled to the five percent pay increase effective August 1, 1975.

"8. The attorney for the City of San Antonio conceded in oral argument that the undisputed fact personnel assigned to Fire Station No. 1 and to Fire Alarm and Emergency Medical Service Dispatching have no place to park without charge, while all other firefighter personnel did, amounted to illegal discrimination.

"9. It was stipulated and agreed that reasonable attorney's fees for Petitioner in this cause is $5,000.00, if Petitioner is entitled to attorney's fees."

Based upon these findings of facts and the conclusions of law that the City had violated the provisions of Article 5154c–1, the final judgment granted the firefighters a 5 percent pay increase retroactive to August 1, 1975, and ordered the City to include firefighters in any future across-the-board increase prior to the end of the fiscal year on July 31, 1976. The judgment ordered the City to provide parking for those employees who did not have it, and awarded the Union $5,000.00 in attorneys' fees.

The City of San Antonio, as Appellant, contends in its first point of error that the trial Court erred in awarding a five percent increase in wages retroactive to August 1, 1975. As previously noted, the trial Court found that the evidence, independent of the ordinance, was insufficient to establish a violation of Section 4 of the Act. Thus, the trial Court determined that the evidence from the expert witness did not make out a prima facie case. While no attack is made upon this fact finding as such, Appellee urges in its Counterpoint Number One that the trial Court was correct in granting the pay increase effective on August 1, 1975.

The opinion evidence of the Economics Professor was only evidentiary and was not binding upon the trier of facts. *Hood v. Texas Indemnity Ins. Co.*, 146 Tex. 522, 209 S.W.2d 345 (1948); *Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks*, 150 Tex. 433, 242 S.W.2d 181 (1951), and *Luttes v. State*, 159 Tex. 500, 324 S.W.2d 167 (1958). His opinion testimony does not establish facts as a matter of law. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). The trial Court having concluded that his testimony did not establish a violation of Section 4 of the Act, we cannot hold to the contrary, and certainly we cannot conclude that it was established as a matter of law.

Thus, the real issue becomes whether an ordinance giving a five percent pay increase to all City employees is some evidence of a violation of the Act, and that the evidence establishes the right to a five percent pay increase on August 1, 1975. There is no requirement that other City employees be compensated at substantially the same wages as prevail in comparable private sector employment. The record is void of any evidence that the City Council recognized or considered private sector employment, either for firemen or other City employees, in deciding on the pay increase which was to be effective November 8, 1975. Based upon the testimony of Mr. Benz that a fifty-three percent increase would be required to make the firefighters' wages comparable to private sector employment compensation, it would seem that the

City Council did not consider such a standard in the across-the-board pay increase for all employees, including firefighters. Therefore, we conclude that the ordinance did not establish a violation of Section 4 of the Act. If the ordinance was based upon standards set forth in the statute, we believe it was incumbent upon the Appellee, who had the burden of proof, and who relied upon the ordinance, to show that it was, in fact, based upon the standard which the trial Court was compelled to follow. That burden has not been met in this case. The Appellant's Point of Error No. One is sustained.

■ The next point contends that the trial Court erred in ordering that firefighters shall be included on an equal percentage basis by the City in any other across-the-board increase during the fiscal year ending July 31, 1976. We find nothing in the Act which relates wages firefighters are to receive to those being received by other City employees. The Act specifically provides that the standard by which firemen's wages are to be determined is by reference to private sector employment. Thus, it excludes the wages paid in public sector employment, including other City employees. To hold otherwise is to give the employees covered by the Act the best of both worlds. They would receive all pay raises that come to those City employees who have no collective bargaining rights, and whose wages are not based upon private sector employment, and in addition they would have the right to collective bargaining and such pay scale as may be related to private sector employment. There is nothing in the Act to suggest that the Legislature intended to grant such a double-barreled privilege to the covered employees. Point of Error No. Two is sustained. This is not to say that the City cannot include firefighters in any across-the-board pay increase if they choose to do so, but only that the City is not required to do so under the Act.

■ The last point complains of the award of any attorney's fees when the evidence has not shown a violation of the Act. Section 16 of the Act provides that in the event the Court finds the public employer in violation of Section 4, it shall, among other things, " * * * award the employees' association reasonable attorney's fees." Having concluded that a violation was not established as to wages, there could be no award of attorney's fees as to this unresolved issue between the parties. As to the one other issue, that of parking, the City acknowledged an "illegal discrimination." But no evidence was offered to show as to this condition of employment what condition might prevail in comparable private sector employment. The trial Court's conclusion of law number four that there was a violation of Section 4 of the Act applied only to wages and not parking. And while the Court ordered parking for those employees who did not have it provided for them, it did so on the basis of the City's acknowledgment of an "illegal discrimination" and not on the basis that there was a violation of Section 4 of the Act. Thus, we conclude that there being no sustainable showing of a violation of Section 4, there can be no recovery of attorney's fees. *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ. App., Houston [14th Dist.] 1968, writ ref'd n.r.e.). Point of Error No. Three is sustained.

■ The Appellee presents as its Crosspoint Number One a contention that it is entitled to a reasonable attorney's fee with respect to this appeal. This contention could not be sustained even if we affirmed the judgment of the trial Court. An Appellee that does not offer any evidence as to future attorney's fees and does not procure a finding and judgment thereon, waives any such recovery. *Loomis Construction Company v. Matijevich*, 425 S.W.2d 39 (Tex. Civ.App., Houston [14th Dist.] 1968, no writ). Where the trial Court has not set a reasonable attorney's fee for an appeal, the Court of Civil Appeals may not initiate such an award itself, since this would be the exercise of original rather than appellate jurisdiction. *International Security Life Insurance Company v. Spray*, 468 S.W.2d 347 (Tex.1971).

936

The Appellee also presents its "Point of Error No. One," urging that the trial Court erred in not granting the firefighters' requested pay increase of eight percent. The Union did except to the trial Court's judgment and did file an appeal bond. We consider the point as though the contention were actually presented as a cross-point. See *Jackson v. Ewton*, 411 S.W.2d 715 (Tex. 1967).

The trial Court having found against the Union as to its request for an eight percent increase in wages, we can reverse and render judgment as requested only if the evidence establishes as a matter of law that the firefighters were entitled to the increase of eight percent. We have reviewed the entire record and we conclude that such a showing has not been made. The point of error is overruled.

The judgment of the trial Court is affirmed as to providing adequate parking space and is reversed and judgment is rendered denying the firefighters the pay increase only insofar as being retroactive to August 1, 1975, denying the right to require the City of San Antonio to include firefighters on an equal percentage basis in any across-the-board wage increase granted by the City to its employees prior to August 1, 1976, and denying recovery of attorneys' fees.