Jack N. VARNER and Joyce
L. Varner, Petitioners,

v.

Jose L. CARDENAS and Gloria
Cardenas, Respondents.

No. 06–0212.

Supreme Court of Texas.

March 2, 2007.

Rehearing Denied April 27, 2007.

Roger Lee, Gibson & Hotchkiss, Roach & Davenport, Wichita Falls, TX, Lloyd Benson, Benson & Benson, Inc., Frederick, OK, for Petitioner.

Daniel L. Schaap, Robert Wade King, Underwood, Wilson, Berry, Stein & Johnson, Amarillo, Mike Baskerville, Pruitt Friberg Baskerville & Heatly, Vernon, TX, for Respondent.

Randall K. Price, Cantey & Hanger, L.L.P., Dallas, Douglas C. Jeffrey III, Vernon, TX, for Other.

PER CURIAM.

■ We recently held in *Tony Gullo Motors I, L.P. v. Chapa* that a prevailing party must segregate recoverable from unrecoverable attorney's fees in all cases. 212 S.W.3d 299, 313 (Tex.2006). The court of appeals here correctly reversed and remanded for segregation; but as it defined recoverable fees too narrowly, we modify its judgment.

The Varners sold a ranch to the Cardenases in December 1997 in return for cash and a promissory note. The note provided for ten annual installments due each December. The Cardenases paid the first installment in December 1998, but no others. In response to the Varners' suit on the note, they alleged the ranch was 180 acres less than represented. Both parties added claims against the title insurer and its agents, which the trial court severed out.

After a bench trial, the trial court granted judgment for the Varners, but reduced the balance on the note to reflect a shortfall in acreage. The court of appeals reversed, granting the Varners the full balance because the Cardenases never pleaded mistake or requested reformation of the deed. *See* 182 S.W.3d 380, 382–83. Neither party appeals that ruling.

The trial court also awarded the Varners $40,500 in attorney's fees for trial. The court of appeals reversed because the Varners had failed to segregate fees incurred in their suit on the note from fees incurred (1) pursuing claims against the title insurer, or (2) defending against the Cardenases' counterclaim. *Id.* at 383–84.

■ In *Chapa*, we reestablished the rule that attorney's fees are recoverable only if necessary to recover on a contract or statutory claim allowing them, and eliminated the exception for fees incurred solely on separate but arguably intertwined claims. 212 S.W.3d at 313. In this case, we agree with the court of appeals that fees incurred pursuing the title insurer cannot be collected from the Cardenases— suing third parties was not necessary for the Varners to collect on their note.

■ But we disagree that fees defending against the Cardenases' counterclaim must be segregated too. By asserting a shortfall in acreage as a defense and counterclaim, the Cardenases sought to reduce the amount collected on the note; to collect the full amount, the Varners had to overcome this defense. As their attorney's efforts to that effect were necessary to recover on their contract, they are recoverable. *See id.* at 311; TEX. CIV. PRAC. & REM. CODE § 38.001(8).

■ The Varners raise two additional issues. First, the trial court denied any attorney's fees for post-judgment foreclosure or appeal, and the court of appeals affirmed because no evidence was offered regarding a reasonable fee for those services. *See* 182 S.W.3d at 383. The Varners cite no such evidence, but ask us to

change Texas procedure to allow post-judgment fees to be determined after appeal by remand to the trial court. We decline the invitation to allow two trials on attorney's fees when one will do. *See Int'l Sec. Life Ins. Co. v. Spray,* 468 S.W.2d 347, 349 (Tex.1971) (requiring proof of appellate fees in initial trial).

■ Second, the court of appeals reversed the trial court's assessment of prejudgment interest on the entire note balance beginning December 15, 1998. *See* 182 S.W.3d at 384–85. As the note did not waive notices regarding acceleration, interest ran on unpaid installments only until acceleration occurred. *See Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex.2001). The Varners concede the judgment was erroneous because the Cardenases did not default in 1998, but argue we should change "1998" to "1999" as a clerical error. While they make a persuasive case that acceleration itself was uncontested, they point to no pleading, evidence, or stipulation as to when acceleration occurred. Thus, we cannot determine as a matter of law when interest began to run on the entire note rather than just unpaid installments.

Accordingly, without hearing oral argument, we modify the court of appeals' judgment to the extent it required segregation of fees the Varners incurred defending against the Cardenases' counterclaim, and as modified affirm. *See* TEX. R. APP. P. 59.1.