Petition for Writ of Mandamus Conditionally Granted in Part and Denied
in Part and Opinion filed May 7, 2009








 

Petition
for Writ of Mandamus Conditionally Granted in Part and Denied in Part and
Opinion filed May 7, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00016-CV

____________

 

IN RE WOODY K. LESIKAR, AS TRUSTEE OF THE WOODROW V.
LESIKAR FAMILY TRUST, TRUSTEE OF THE WOODY K. LESIKAR SPECIAL TRUST, AND
INDEPENDENT EXECUTOR OF THE ESTATE OF WOODROW V. LESIKAR, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I
O N








In this
original proceeding, relator Woody K. Lesikar, as trustee of the
Woodrow V. Lesikar Family Trust, trustee of the Woody K. Lesikar Special Trust,
and independent executor of the Estate of Woodrow V. Lesikar, seeks a writ of
mandamus ordering the Honorable Robert May, presiding judge of the 149th
District Court of Brazoria County, to vacate his January 5, 2009 order that (1)
granted the motion filed by real party in interest, Carolyn Ann Lesikar Moon,
individually and as named trustee of the Carolyn Ann Lesikar Moon Special
Trust, to strike the case from the jury docket; (2) denied Woody=s motion for continuance of the
trial; and (3) denied, in part, Woody=s motion to compel discovery.  We
conditionally grant the petition in part, and deny it in part. 

                                                             I.  Background

Because
this case has made more than one journey through the appellate courts, a brief
summary of the facts and the case=s history is helpful in understanding
not only the procedural posture in which it now comes before us, but also in
distinguishing matters that have been finally resolved from those that remain
at issue.  

Carolyn
Moon and Woody Lesikar are siblings.  Their father, Woodrow V. Lesikar,
established the Woodrow V. Lesikar Family Trust (the AFamily Trust@), and provided that upon his death,
separate special trusts would be created for his widow, his grandchildren,
Carolyn, and Woody.  See Moon v. Lesikar, 230 S.W.3d 800, 802 (Tex. App.CHouston [14th Dist.] 2007, pet.
denied).  Specific assets or amounts were to be transferred from the Family
Trust to various trusts and charities, and the remainder was to be divided
equally between Woody and Carolyn and distributed to their respective special
trusts.  Id.  After her father=s death, Carolyn sued Woody for
construction of trust, declaratory judgment, an accounting, appointment of a
receiver, injunctive relief, negligence, breach of fiduciary duty, conversion,
and civil conspiracy.  Id.  

A.        First Trial 








Woody
obtained partial summary judgment on some of Carolyn=s claims; those claims were severed
from the remaining issues and the judgment was affirmed by this court.  Id. at
806.  With regard to the remaining claims, the trial court appointed a special
master to examine the Family Trust=s records, create a plan to
distribute the Family Trust=s assets, and report to the court.  Lesikar v. Moon,
237 S.W.3d 361, 365 (Tex. App.CHouston [14th Dist.] 2007, pet. denied).  The trial court
adopted most of the special master=s report, and Carolyn nonsuited some
of her claims.  Id. at 365B66.  The remaining issues, including
the issue of Carolyn=s attorneys= fees, were tried to the bench.  Id. at 365. On
September 13, 2005, the trial court issued a final judgment, and as relevant to
this proceeding, awarded Carolyn $400,000 in attorneys= fees.  Id.  Carolyn did not
seek or receive a contingent award of additional attorneys= fees that might be incurred on
appeal.  

Woody
appealed, and asserted that the evidence was legally insufficient to support
the trial court=s finding that, under the Declaratory Judgments Act and the
Texas Property Code, $400,000 was a reasonable and necessary award for Carolyn=s attorneys= fees.  Id. at 375; Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 2008) (addressing
attorneys= fees under the Declaratory Judgments Act); Tex. Prop. Code Ann. ' 114.064 (Vernon 2007) (governing
attorneys= fees and costs for proceedings under the Texas Trust Code).  We reversed
and remanded for a new trial on the issue of attorneys= fees, and the Texas Supreme Court
denied Carolyn=s petition for review and for rehearing.

B.        Proceedings on Remand

The case
initially was tried without a jury, but on remand, Woody requested and paid the
required fee for a jury trial.  Both parties propounded discovery, and a jury
trial was set for January 5, 2009.  Woody then moved for a continuance to allow
more time for discovery.  At a hearing on the motion, the trial court stated
that it would deny the motion for continuance if Carolyn provided a recreated
itemization of her attorneys= fees.  Carolyn=s attorneys agreed to deliver the
reports to opposing counsel on December 22, 2008.  Shortly before 5:00 p.m. on
December 22, 2008, Carolyn=s attorney faxed discovery responses to opposing counsel. 
The responses did not contain a recreated itemization of Carolyn=s attorneys= fees, although they did include some
redacted partial time records from two law firms. 








On December
30, 2008, Carolyn moved to strike the case from the jury docket.  The argument
and authorities included as support for her motion consist entirely of the
following: 

8.         This
case was remanded to this Court solely for a determination on the issue of segregation
of attorney=s fees.  Lesikar v. Moon, 237 S.W.3d 361, 378
(Tex. App.CHouston [14th Dist.] 2007, pet. denied).

9.         Segregation
of attorney=s fees is purely a legal issue and not proper for
determination by a jury.  Air Routing Int=l. Corp., et. al v. Britannia Airways, Ltd., 150 S.W.3d 682, 688 (Tex. App.CHouston [14th Dist.] 2004, no pet. h.) [sic]; Stewart
Title Guaranty Co. v. Sterling, 822 S.W.2d 1, 12 (Tex. 1991) [sic].

Carolyn set her motion
for a hearing to be held contemporaneously with the start of trial.

On
January 5, 2009, the trial court granted Carolyn=s motion to strike the jury demand
and denied Woody=s motion for continuance.  The court also partially granted
Woody=s motion to compel, inasmuch as it
required Carolyn to deliver unredacted copies of the previously-produced time
records to Woody=s attorney.  Trial was then recessed until January 8, 2009.

On
January 7, 2009, Woody filed a petition for writ of mandamus and a motion for
emergency relief staying the trial.  We granted the motion, and now address
the  issues raised in Woody=s petition for writ of mandamus.

II.  Issues Presented








Woody
requests mandamus relief requiring the trial court to place Carolyn=s claim for attorneys= fees on the jury trial docket and
compel Carolyn to provide additional responses to discovery.[1] 
Both Woody and Carolyn also ask that if we conclude Woody is entitled to a jury
trial on the issue of attorneys= fees, we provide the parties and the trial court with
instructions on the scope of the issues to be addressed by the jury. 

                                                   III.  Standard of Review

To be
entitled to the extraordinary relief of a writ of mandamus, a relator must show
that the trial court clearly abused its discretion and left him no adequate
remedy by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex.
2008) (orig. proceeding).  A trial court abuses its discretion if it reaches a
decision that is so arbitrary and unreasonable as to constitute a clear and
prejudicial error of law, or if it clearly fails to correctly analyze or apply
the law.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex.
2005) (orig. proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992) (orig. proceeding).  To determine if a party has an adequate
remedy by appeal, we ask whether Aany benefits to mandamus review are
outweighed by the detriments.@  In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
136 (Tex. 2004) (orig. proceeding).  An appeal is an inadequate remedy when a
party stands to lose a substantial right.  Walker, 827 S.W.2d at 842. 

IV.  Analysis

A.        Jury Trial

Carolyn
moved to strike the case from the jury-trial docket on the grounds that
(1) this court remanded the case solely Ato allow the [trial] court to
determine segregation,@ and (2) segregation is a matter of law for the trial court
to resolve.   The first contention is mistaken; the second is misleading. 
Because both parties have requested clarification of the scope of remand, which
cannot be accomplished without further explaining the law concerning
segregation of attorneys= fees, we begin our analysis there.








1.         The
Fee-Segregation Rule

Under
the American Rule, trial courts have no inherent authority to require a losing
party to pay the prevailing party=s attorneys= fees.  Buckhannon Bd. & Care
Home, Inc. v. W. Va. Dep=t of Health & Human Res., 532 U.S. 598, 602 (2001); Tony
Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 310B11 (Tex. 2006); CA Partners v.
Spears, 274 S.W.3d 51, 81 n.20 (Tex. App.CHouston [14th Dist.] 2008, pet.
denied).  As a matter of settled law, attorneys= fees are not available to the
prevailing party in the absence of an authorizing contract or statute.  Tony
Gullo Motors, 212 S.W.3d at 311 & n.65 (citing Travelers Indem. Co.
of Conn. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996)); Wm. Cameron
& Co. v. Am. Surety Co. of N.Y., 55 S.W.2d 1032, 1035 (Tex. Comm=n App. 1932, holding approved). 
Questions as to whether a particular contract or statute authorizes recovery of
attorneys= fees present issues of contract or statutory construction, and these
generally are questions of law for the court to decide.  See Entergy Gulf
States, Inc. v. Summers, 52 Tex. Sup. Ct. J. 511, 2009 WL 884906, at *2
(Tex. Apr. 3, 2009) (noting that statutory construction is a question of law)
(citing F.F.P. Operating Partners., L.P. v. Duenez, 237 S.W.3d 680, 683
(Tex. 2007)); Coker v. Coker, 650 S.W.2d 391, 394B95 (Tex. 1983) (explaining that
courts construe unambiguous contracts and determine the existence of ambiguity
as matters of law); New Amsterdam Cas. Co. v. Tex. Indus., Inc., 414
S.W.2d 914, 914B15 (Tex. 1967) (construing contract and statute as a matter
of law to determine whether recovery of attorneys= fees was authorized).  Courts
therefore determine, as a matter of law, whether a party who prevails on a
particular cause of action has the opportunity to recover reasonable attorneys= fees that were necessary for the
litigation of that claim.








Although
the general rule has remained constant, the exception to the rule has changed. 
CA Partners, 274 S.W.3d at 81 n.20.  From 1991 to 2006, the exception to
the fee-segregation rule applied Awhen the causes of action involved in
the suit are dependent upon the same set of facts or circumstances and thus are
>intertwined to the point of being
inseparable.=@ Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11B12 (Tex. 1991) (quoting Gill Sav.
Ass=n v. Chair King, Inc., 783 S.W.2d 674, 680 (Tex. App.CHouston [14th Dist.] 1989), modified,
797 S.W.2d 31 (Tex. 1990) (per curiam)).  With the issuance of Tony Gullo
Motors in 2006, the factors that determine whether the exception to the fee-segregation
rule applies shifted.  After Tony Gullo Motors,

the determination focuses on whether the legal work
performed pertains solely to claims for which attorneys= fees are not recoverable.  Moreover,
in making this determination, factfinders do not examine the work product as a
whole, but parse the work into component tasks.  See Tony Gullo, 212
S.W.3d at 313 (ABut when Chapa=s attorneys were drafting her
pleadings or the jury charge relating to fraud, there is no question
[that] those fees were not recoverable.@) (emphasis added); id. at 314
(AChapa=s attorneys did not have to keep
separate time records when they drafted the fraud, contract, or DTPA paragraphs
of her petition; an opinion would have sufficed stating that, for example,
95 percent of their drafting time would have been necessary even if there had
been no fraud claim.@) (emphasis added).  If any of the component tasks relate
solely to a cause of action for which legal fees are not recoverable, the
claimant must segregate the fees.

7979 Airport Garage,
L.L.C. v. Dollar Rent A Car Sys., 245 S.W.3d 488, 509 (Tex. App.CHouston [14th Dist.] 2007, pet.
denied).  As explained in Tony Gullo Motors, the question of the extent
to which the exception applies presents a mixed question of law and fact for
the factfinder=s determination:

[T]he fees necessary
to prove particular claims often turn on such facts‑how hard
something was to discover and prove, how strongly it supported particular
inferences or conclusions, how much difference it might make to the verdict,
and a host of other details that include judgment and credibility questions
about who had to do what and what it was worth. 

Tony Gullo Motors, 212 S.W.3d at 313 (emphasis added).









2.         Carolyn=s Recoverable Attorneys= fees 

As we
pointed out in Lesikar, Carolyn asserted claims under the Declaratory
Judgments Act and the Texas Property Code, each of which authorizes the
recovery of such reasonable and necessary attorneys= fees as are equitable and just.  Lesikar,
237 S.W.3d at 375 (citing Tex. Civ.
Prac. & Rem. Code Ann. ' 37.009; Tex. Prop. Code Ann. ' 114.064).  The amount of
attorneys= fees that are both reasonable and necessary to the litigation of a
particular claim presents a question of fact.  See Ridge Oil Co. v. Guinn
Invs., Inc., 148 S.W.3d 143, 161 (Tex. 2004) (citing Bocquet v. Herring,
972 S.W.2d 19, 21 (Tex. 1998)).  The total amount of attorneys= fees that are equitable and just
presents a question of law committed to the trial court=s discretion.  Id. (citing Bocquet,
972 S.W.2d at 21).  The trial court abuses that discretion if it rules
arbitrarily, unreasonably, without regard to guiding legal principles, or
without supporting evidence.  See Bocquet, 972 S.W.2d at 21 (A[I]n reviewing an attorney fee award
under the [Declaratory Judgments] Act, the court of appeals must determine
whether the trial court abused its discretion by awarding fees when there was
insufficient evidence that the fees were reasonable and necessary, or when the
award was inequitable or unjust.@).  The trial court has discretion to
award attorneys= fees in an amount less than or equal to the amount
determined by the factfinder to be reasonable and necessary.  Ridge Oil Co.,
148 S.W.3d 161B62.  Thus, the amount determined by the factfinder to be the reasonable
and necessary fees for litigation of claims for which recovery is authorized
sets the outer boundary of fees that may be awarded under the Declaratory
Judgments Act or section 114.064 of the Texas Property Code, and the trial
court may award so much of that sum as it determines to be both equitable and
just. 

3.         Clarification of the Scope
of Remand








As we
previously pointed out, Carolyn is not entitled to recover attorneys= fees incurred solely to advance her
nonsuited claims of breach of fiduciary duty, negligence, conversion,
interference with inheritance, and civil conspiracy; however, she failed to
segregate her claims for such nonrecoverable attorneys= fees from her claims for attorneys= fees authorized by the Declaratory
Judgments Act or the Property Code.  Lesikar, 237 S.W.3d at 378.  We
further explained that fees incurred for discrete legal services that advance
more than one cause of action are recoverable if the claimant is entitled to
recover attorneys= fees for that service under at least one of the claims
advanced.  Id. (citing Tony Gullo Motors, 212 S.W.3d at 313B14).  Carolyn did not contend that
the fees for all of her attorneys= time and services were incurred to
advance claims for which recovery of attorneys= fees is authorized, yet some of the
attorneys= fees awarded necessarily included legal services performed to assert or
advance claims that were nonsuited or for which recovery of attorneys= fees is not authorized.  We
therefore remanded the case for a new trial for the limited purpose of
determining, first, the factual question of the reasonable amount of attorneys= fees necessary to perform legal
services essential to litigate her claims under the Declaratory Judgments and
the Property Code, and second, the  amount of such fees that the trial court
determines are equitable and just to award.

Contrary
to Carolyn=s assertions, we did not remand the case solely for identification, as a
matter of law, of the causes of action for which attorneys= fees are potentially recoverable. 
Indeed, because this is question of law, no remand is necessary for such a
determination.  But when, as here, multiple causes of action are asserted, some
of which allow fee recovery and some of which do not, then evidence of time or
money necessary only to the litigation of claims for which attorneys= fees are not recoverable must be
segregated from evidence of the reasonable amount of time or money necessary
for the performance of legal services necessary to litigate claims for which
attorneys= fees are recoverable.  If a particular legal service was necessary to
litigate a cause of action for which attorneys= fees are recoverable, such fees are
not rendered unrecoverable merely because they also advance a claim for which
attorneys= fees would not be otherwise available.








Applying
the reasoning of Tony Gullo Motors to this case, the attorneys= fees that may be considered by the
jury are those that are both reasonable and necessary to the litigation of
Carolyn=s claims under the Declaratory
Judgment Act or section 114.064 of the Property Code, but do not include fees
incurred for services necessary only to present or litigate her remaining
claims.

On
remand, Carolyn must present evidence to support a fee award, and such evidence
may be presented in terms of the reasonable amount of time or money necessary
to litigate particular claims.  If a legal service necessary to the litigation
of a claim for which attorneys= fees are available also advanced a claim for which attorneys= fees are not recoverable, then the
exception to the general fee-segregation rule applies, and the amount of time
or money that was reasonable to expend in performing the service need not be
segregated among the claims it advanced.  








The jury
must then consider the evidence that particular amounts of time or money were
reasonable for the performance of legal services necessary to the litigation of
a claim for which attorneys= fees are available.  In doing so, the jury weighs the
evidence and considers (1) the time and labor involved, the novelty and
difficulty of the questions involved, and the skill required to perform the
legal services properly; (2) the likelihood that the acceptance of the particular
employment will preclude other employment by the lawyer; (3) the fee
customarily charged in the locality for similar legal services; (4) the amount
involved and the results obtained; (5) the time limitations imposed by the
client or the circumstances; (6) the nature and length of the professional
relationship with the client; (7) the experience, reputation, and ability
of the lawyer or lawyers performing the services; and (8) whether the fee is
fixed or contingent on results obtained or uncertainty of collection before the
legal services have been rendered.  See Arthur Andersen & Co. v. Perry
Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) (citing  Tex. Disciplinary R. Prof=l Conduct 1.04(B)(1), reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A (State Bar R., art. X, ' 9)); Lesikar, 237 S.W.3d at
375B76.  After the jury determines the
reasonable amount of fees necessary to litigate Carolyn=s claims under the Declaratory
Judgment Act and section 114.064 of the Texas Property Code, the trial court
will exercise its discretion in determining how much of this amount it is
equitable and just to award, and render judgment accordingly.  

4.         Availability
of Attorneys= Fees for Appeal

Carolyn
additionally asks that we clarify the scope of the remand to allow her to
present evidence of attorneys= fees incurred in the appeal.  Woody agrees that the scope of
the remand should be clarified, but asks us to state that Carolyn waived her
claim for appellate attorneys= fees because she failed to present evidence or secure any
findings regarding such fees in the first trial.  See City of San Antonio v.
Int=l Ass=n of Fire Fighters, 539 S.W.2d 931, 935 (Tex. Civ. App.CSan Antonio 1976, no writ) (AAn Appellee that does not offer any
evidence as to future attorney=s fees and does not procure a finding and judgment thereon,
waives any such recovery.@); Loomis Constr. Co. v. Matijevich, 425 S.W.2d 39, 44
(Tex. Civ. App.CHouston [14th Dist.] 1968, no writ) (ABy not having offered any evidence as
to such future attorney fees and by not procuring a finding and judgment
thereon, the appellee has waived any such recovery.@).  In fact, Woody previously asked
this court, on October 25, 2007 and October 3, 2008, to clarify the judgment
and mandate to specify that trial on remand is limited to Carolyn=s claim for attorneys= fees incurred in the first trial. 
In light of the clear pronouncements of the Texas Supreme Court on this issue,
we denied both motions.  See Varner v. Cardenas, 218 S.W.3d 68, 69B70 (Tex. 2007) (per curiam) (AWe decline the invitation to allow
two trials on attorneys= fees when one will do.@) (citing Int=l Sec. Life Ins. Co. v. Spray, 468 S.W.2d 347, 349 (Tex. 1971)
(requiring proof of appellate fees in initial trial)).[2] 









In Varner,
as here, the court of appeals reversed an award of attorneys= fees that was based on unsegregated
evidence of recoverable and nonrecoverable fees.  Id. at 69.  The court
of appeals affirmed the trial court=s denial of appellate fees on remand
because the prevailing party offered no evidence regarding a reasonable fee for
those services during the initial trial.  Id.  Our high court expressly
refused the Varners= request to Achange Texas procedure to allow post-judgment fees to be
determined after appeal by remand to the trial court.@  Carolyn has not attempted to
distinguish Varner, and offers no explanation why a change in settled
law is justified in this case.  

We
conclude that Carolyn has waived any claim to appellate attorneys= fees on remand because in the
initial trial, she failed to request appellate fees, present any evidence to
support an award of appellate fees, or procure a finding or judgment on fees
for appellate legal services.  Therefore, Carolyn is limited on remand to
trying her claim for attorneys= fees incurred in the first trial.  

5.         Right to Jury on Remand

The
Texas Constitution guarantees the right to a trial by jury.  Monroe v.
Alternatives in Motion, 234 S.W.3d 56, 69 (Tex. App.CHouston [1st Dist.] 2007, no pet.)
(citing Tex. Const. art. I, '' 10, 15).  This right, however, is
not absolute in civil cases.  Coleman v. Sadler, 608 S.W.2d 344, 346
(Tex. Civ. App.CAmarillo 1980, no writ).  To secure the right to a jury in a
civil case, a party must make a written request to the clerk of the court and
pay the jury fee.  Tex. R. Civ. P. 216;
In the Interest of M.M., 980 S.W.2d 699, 702 (Tex. App.CSan Antonio 1998, no pet.). 








In a
letter brief without supporting citations to the record or any authority,
Carolyn suggested that Woody waived his right to jury trial on remand because
he purportedly waived his right to a jury in the first trial.  We need not
decide whether Woody waived his right to a jury in the first trial, because
waiver of a jury in one trial does not affect either party=s right to demand a jury in the
second trial after remand where the demanding party has complied with Rule
216.  In re Marriage of Stein, 190 S.W.3d 73, 76 (Tex. App.CAmarillo 2005, no pet.); Gordon v.
Gordon, 704 S.W.2d 490, 492 (Tex. App.CCorpus Christi 1986, writ dism=d); Harding v. Harding, 485
S.W.2d 297, 299 (Tex. Civ. App.CSan Antonio 1972, no writ).  At the December 12, 2008
hearing, the trial court concluded that Woody had timely paid the jury fee.  See
Tex. R. Civ. P. 216(a) (requiring
request for jury trial to be filed Aa reasonable time before the date set
for trial of the cause on the non‑jury docket, but not less than thirty
days in advance@); Halsell v. Dehoyos, 810 S.W.2d 371, 371 (Tex. 1991)
(per curiam) (holding that a jury request in advance of the thirty-day deadline
is presumed to have been made a reasonable time before trial).  In her response
to Woody=s petition, Carolyn does not
challenge the timeliness of Woody=s demand for a jury trial or the
trial court=s determination that Woody=s demand was timely.

We
conclude that the trial court abused its discretion by granting Carolyn=s motion to strike the case from the
jury docket.  See In re Prudential Ins. Co., 148 S.W.3d at 139 (stating
denial of trial by jury is reviewable by mandamus).  Further, because Woody
stands to lose a substantial right,[3] he does not
have an adequate remedy by appeal.  See Rosenthal v. Ottis, 865 S.W.2d
525, 529 (Tex. App.CCorpus Christi 1993, orig. proceeding) (stating adequate remedy
by appeal does not exist for denial of jury trial).  We therefore conditionally
grant Woody=s petition for writ of mandamus as it pertains to reinstatement of the
case on the jury docket.








B.        Request to Compel Discovery
Responses

Woody
further asks why the that we order the trial court to compel the production of
discovery responses on Carolyn=s claim for attorneys= fees.  On December 12, 2008, the
trial court heard Woody=s motion to continue the January 5, 2009 trial setting to
allow additional time to conduct discovery.  After Carolyn=s counsel promised to provide Aa wealth of information@ by December 22, 2008, including a
detailed report itemizing her claim for attorneys= fees, the trial court denied Woody=s first motion for continuance.  The
trial court also agreed that Woody could request further relief if he did not
receive adequate information in the promised report.  After Carolyn produced only
redacted records rather than a Awealth of information@ or a detailed report, Woody filed
his second motion for continuance and a motion to compel.  At the January 5,
2009 hearing, the trial court ordered Carolyn to produce an unredacted version
of the records she had produced to Woody.  








Woody
now asserts that without additional discovery responses, his ability to
cross-examine Carolyn=s witnesses or present his own witnesses will be severely
compromised, and he will be unable to make such information part of the
appellate record.[4]  But aside
from the unredacted billing records, which the trial court already has ordered
Carolyn to produce, Woody has not identified the additional discovery responses
he claims are necessary, stated why such additional responses are needed,
explained why the trial court=s discovery rulings are erroneous, or informed us why any
such error constitutes a clear abuse of discretion.  Although Woody contends
that the trial court=s error in denying the motion to compel and identification of
the wrongfully-withheld discovery is apparent from the record, we cannot agree,
particularly in light of the rules requiring exclusion of evidence responsive
to discovery requests if the offering party failed to timely amend or
supplement incorrect or incomplete discovery responses.  See, e.g., Tex. R. Civ. P. 193.4(c), 193.5,
193.6.  We therefore conclude that Woody has not shown his entitlement to
mandamus relief directing the trial court to compel more complete responses to
discovery.  

                                                             V.  Conclusion

We
conditionally grant Woody=s petition for a writ of mandamus with respect to the January
5, 2009 order granting Carolyn=s motion to strike the case from the jury docket, and we
direct the trial court to vacate that portion of its order and reinstate the
case on its jury docket.  We deny Woody=s petition with respect to his
request that we direct the trial court to vacate its order denying his motion
to compel discovery.  Woody=s request that we compel the trial court to continue the
January 8, 2009 bench trial is moot in light of our stay issued on January 7,
2009.  In response to the requests of both Woody and Carolyn, we clarify that
the scope of the trial on remand is limited to the determination of the amount
of attorneys= fees that (a) were reasonable and necessary to the initial
preparation and trial of Carolyn=s claims under the Declaratory
Judgments Act and the Texas Trust Code, and (b) it is equitable and just
to award.  Finally, we lift our previously-issued stay.  The writ will issue
only if the trial court fails to act in accordance with this opinion.  

 

/s/        Eva M. Guzman

Justice

 

 

 

Panel consists of
Justices Yates, Guzman, and Sullivan.









[1]  Although Woody also asked for mandamus relief
compelling the trial court to continue the January 8, 2009 bench trial, that
request is moot in light of our order staying trial. 





[2]  See also Everest Exploration, Inc. v. URI, Inc.,
131 S.W.3d 138, 145 (Tex. App.CSan Antonio
2004, no pet.) (rejecting appellee=s
request to remand for determination of appellate attorneys= fees and holding appellee had waived its right to
pursue such fees by failing to present evidence or obtain ruling in trial
court); Koval v. Henry Kirkland Contractors, Inc., No. 01-06-00067-CV,
2008 WL 458295, at *7 (Tex. App.CHouston
[1st Dist.] Feb. 15, 2008, no pet.) (mem. op.) (same).  





[3]  Walker, 827 S.W.2d at 842. 





[4]  An appeal from a trial court=s discovery order is not adequate if (1) the appellate
court would not be able to cure the trial court=s error on appeal; (2) the party=s
ability to present a viable claim or defense is vitiated or severely
compromised; or (3) missing discovery cannot be made a part of the appellate
record.  In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig.
proceeding) (citing Walker, 827 S.W.2d at 843).