*582 [sic]; Stewart, Title Guaranty Co. v. Sterling, 822 S.W.2d 1, 12 (Tex.1991) [sic],
Carolyn set her motion for a hearing to be held contemporaneously with the start of trial.
On January 5, 2009, the trial court granted Carolyn’s motion to strike the jury demand and denied Woody’s motion for continuance. The court also partially granted Woody’s motion to compel, inasmuch as it required Carolyn to deliver unredacted copies of the previously-produced time records to Woody’s attorney. Trial was then recessed until January 8, 2009.
On January 7, 2009, Woody filed a petition for writ of mandamus and a motion for emergency relief staying the trial. We granted the motion, and now address the issues raised in Woody’s petition for writ of mandamus.
II.Issues Presented
Woody requests mandamus relief requiring the trial court to place Carolyn’s claim for attorneys’ fees on the jury trial docket and compel Carolyn to provide additional responses to discovery.[1] Both Woody and Carolyn also ask that if we conclude Woody is entitled to a jury trial on the issue of attorneys’ fees, we provide the parties and the trial court with instructions on the scope of the issues to be addressed by the jury.
III.Standard of Review
To be entitled to the extraordinary relief of a writ of mandamus, a relator must show that the trial court clearly abused its discretion and left him no adequate remedy by appeal. In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig.proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). To determine if a party has an adequate remedy by appeal, we ask whether “any benefits to mandamus review are outweighed by the detriments.” In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding). An appeal is an inadequate remedy when a party stands to lose a substantial right. Walker, 827 S.W.2d at 842.
IV.Analysis
A. Jury Trial
Carolyn moved to strike the case from the jury-trial docket on the grounds that (1) this court remanded the case solely “to allow the [trial] court to determine segregation,” and (2) segregation is a matter of law for the trial court to resolve. The first contention is mistaken; the second is misleading. Because both parties have requested clarification of the scope of remand, which cannot be accomplished without further explaining the law concerning segregation of attorneys’ fees, we begin our analysis there.

1. The Fee-Segregation Rule

Under the American Rule, trial courts have no inherent authority to require a losing party to pay the prevailing party’s attorneys’ fees. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 602, *583 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 310-11 (Tex.2006); CA Partners v. Spears, 274 S.W.3d 51, 81 n. 20 (Tex.App.-Houston [14th Dist.] 2008, pet. denied). As a matter of settled law, attorneys’ fees are not available to the prevailing party in the absence of an authorizing contract or statute. Tony Gullo Motors, 212 S.W.3d at 311 & n. 65 (citing Travelers Indem. Co. of Conn. v. Mayfield, 923 S.W.2d 590, 594 (Tex.1996)); Wm. Cameron & Co. v. Am. Surety Co. of N.Y., 55 S.W.2d 1032, 1035 (Tex.Comm’n App.1932, holding approved). Questions as to whether a particular contract or statute authorizes recovery of attorneys’ fees present issues of contract or statutory construction, and these generally are questions of law for the court to decide. See Entergy Gulf States, Inc. v. Summers, 52 Tex. Sup. Ct. J. 511, 2009 WL 884906, at *2 (Tex. Apr. 3, 2009) (noting that statutory construction is a question of law) (citing F.F.P. Operating Partners., L.P. v. Duenez, 237 S.W.3d 680, 683 (Tex.2007)); Coker v. Coker, 650 S.W.2d 391, 394-95 (Tex.1983) (explaining that courts construe unambiguous contracts and determine the existence of ambiguity as matters of law); New Amsterdam, Cas. Co. v. Tex. Indus., Inc., 414 S.W.2d 914, 914-15 (Tex.1967) (construing contract and statute as a matter of law to determine whether recovery of attorneys’ fees was authorized). Courts therefore determine, as a matter of law, whether a party who prevails on a particular cause of action has the opportunity to recover reasonable attorneys’ fees that were necessary for the litigation of that claim.
Although the general rule has remained constant, the exception to the rule has changed. CA Partners, 274 S.W.3d at 81 n. 20. From 1991 to 2006, the exception to the fee-segregation rule applied “when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are ‘intertwined to the point of being inseparable.’ ” Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11-12 (Tex.1991) (quoting Gill Sav. Ass’n v. Chair King, Inc., 783 S.W.2d 674, 680 (Tex.App.-Houston [14th Dist.] 1989), modified, 797 S.W.2d 31 (Tex.1990) (per curiam)). With the issuance of Tony Gullo Motors in 2006, the factors that determine whether the exception to the fee-segregation rule applies shifted. After Tony Gul-lo Motors,
the determination focuses on whether the legal work performed pertains solely to claims for which attorneys’ fees are not recoverable. Moreover, in making this determination, factfinders do not examine the work product as a whole, but parse the work into component tasks. See Tony Gullo, 212 S.W.3d at 313 (“But when Chapa’s attorneys were drafting her pleadings or the jury charge relating to fraud,, there is no question [that] those fees were not recoverable.”) (emphasis added); id. at 314 (“Chapa’s attorneys did not have to keep separate time records when they drafted the fraud, contract, or DTPA paragraphs of her petition; an opinion would have sufficed stating that, for example, 95 percent of their drafting time would have been necessary even if there had been no fraud claim.”) (emphasis added). If any of the component tasks relate solely to a cause of action for which legal fees are not recoverable, the claimant must segregate the fees.
7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., 245 S.W.3d 488, 509 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). As explained in Tony Gullo Motors, the question of the extent to which the exception applies presents a mixed question of law and fact for the factfinder’s determination:
*586 its discretion in determining how much of this amount it is equitable and just to award, and render judgment accordingly.

4. Availability of Attorneys’ Fees for Appeal

Carolyn additionally asks that we clarify the scope of the remand to allow her to present evidence of attorneys’ fees incurred in the appeal. Woody agrees that the scope of the remand should be clarified, but asks us to state that Carolyn waived her claim for appellate attorneys’ fees because she failed to present evidence or secure any findings regarding such fees in the first trial. See City of San Antonio v. Int’l Ass’n of Fire Fighters, 539 S.W.2d 931, 935 (Tex.Civ.App.-El Paso 1976, no writ) (“An Appellee that does not offer any evidence as to future attorney’s fees and does not procure a finding and judgment thereon, waives any such recovery.”); Loomis Constr. Co. v. Matijevich, 425 S.W.2d 39, 44 (Tex.Civ.App.-Houston [14th Dist.] 1968, no writ) (“By not having offered any evidence as to such future attorney fees and by not procuring a finding and judgment thereon, the appellee has waived any such recovery.”). In fact, Woody previously asked this court, on October 25, 2007 and October 3, 2008, to clarify the judgment and mandate to specify that trial on remand is limited to Carolyn’s claim for attorneys’ fees incurred in the first trial. In light of the clear pronouncements of the Texas Supreme Court on this issue, we denied both motions. See Varner v. Cardenas, 218 S.W.3d 68, 69-70 (Tex.2007) (per curiam) (“We decline the invitation to allow two trials on attorneys’ fees when one will do.”) (citing Int’l Sec. Life Ins. Co. v. Spray, 468 S.W.2d 347, 349 (Tex.1971) (requiring proof of appellate fees in initial trial)).[2]
In Varner, as here, the court of appeals reversed an award of attorneys’ fees that was based on unsegregated evidence of recoverable and nonrecoverable fees. Id. at 69. The court of appeals affirmed the trial court’s denial of appellate fees on remand because the prevailing party offered no evidence regarding a reasonable fee for those services during the initial trial. Id. Our high court expressly refused the Varners’ request to “change Texas procedure to allow post-judgment fees to be determined after appeal by remand to the trial court.” Carolyn has not attempted to distinguish Varner, and offers no explanation why a change in settled law is justified in this case.
We conclude that Carolyn has waived any claim to appellate attorneys’ fees on remand because in the initial trial, she failed to request appellate fees, present any evidence to support an award of appellate fees, or procure a finding or judgment on fees for appellate legal services. Therefore, Carolyn is limited on remand to trying her claim for attorneys’ fees incurred in the first trial.

5. Right to Jury on Remand

The Texas Constitution guarantees the right to a trial by jury. Monroe v. Alternatives in Motion, 234 S.W.3d 56, 69 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (citing Tex. Const, art. I, §§ 10, 15). This right, however, is not absolute in civil cases. Coleman v. Sadler, 608 S.W.2d 344, 346 (Tex.Civ.App.-Amarillo 1980, no writ). To secure the right to a jury in a *587 civil case, a - party must make a written request to the clerk of the court and pay the jury fee. Tex.R. Civ. P. 216; In the Interest of M.M., 980 S.W.2d 699, 702 (Tex.App.-San Antonio 1998, no pet.).
In a letter brief without supporting citations to the record or any authority, Carolyn suggested that Woody waived his right to jury trial on remand because he purportedly waived his right to a jury in the first trial. We need not decide whether Woody waived his right to a jury in the first trial, because waiver of a jury in one trial does not affect either party’s right to demand a jury in the second trial after remand where the demanding party has complied with Rule 216. In re Marriage of Stein, 190 S.W.3d 73, 76 (Tex.App.-Amarillo 2005, no pet.); Gordon v. Gordon, 704 S.W.2d 490, 492 (Tex.App.-Corpus Christi 1986, writ dism’d); Harding v. Harding, 485 S.W.2d 297, 299 (Tex.Civ.App.-San Antonio 1972, no writ). At the December 12, 2008 hearing, the trial court concluded that Woody had timely paid the jury fee. See Tex.R. Civ. P. 216(a) (requiring request for jury trial to be filed “a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance”); Halsell v. Dehoyos, 810 S.W.2d 371, 371 (Tex.1991) (per curiam) (holding that a jury request in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial). In her response to Woody’s petition, Carolyn does not challenge the timeliness of Woody’s demand for a jury trial or the trial court’s determination that Woody’s demand was timely.
We conclude that the trial court abused its discretion by granting Carolyn’s motion to strike the case from the jury docket. See In re Prudential Ins. Co., 148 S.W.3d at 139 (stating denial of trial by jury is renewable by mandamus). Further, because Woody stands to lose a substantial right,[3] he does not have an adequate remedy by appeal. See Rosenthal v. Ottis, 865 S.W.2d 525, 529 (Tex.App.-Corpus Christi 1993, orig. proceeding) (stating adequate remedy by appeal does not exist for denial of jury trial). We therefore conditionally grant Woody’s petition for writ of mandamus as it pertains to reinstatement of the case on the jury docket.
B. Request to Compel Discovery Responses
Woody further asks why the that we order the trial court to compel the production of discovery responses on Carolyn’s claim for attorneys’ fees. On December 12, 2008, the trial court heard Woody’s motion to continue the January 5, 2009 trial setting to allow additional time to conduct discovery. After Carolyn’s counsel promised to provide “a wealth of information” by December 22, 2008, including a detailed report itemizing her claim for attorneys’ fees, the trial court denied Woody’s first motion for continuance. The trial court also agreed that Woody could request further relief if he did not receive adequate information in the promised report. After Carolyn produced only redacted records rather than a “wealth of information” or a detailed report, Woody filed his second motion for continuance and a motion to compel. At the January 5, 2009 hearing, the trial court ordered Carolyn to produce an unredacted version of the records she had produced to Woody.
Woody now asserts that without additional discovery responses, his ability to cross-examine Carolyn’s witnesses or present his own witnesses will be severely compromised, and he will be un *588 able to make such information part of the appellate record.[4] But aside from the un-redacted billing records, which the trial court already has ordered Carolyn to produce, Woody has not identified the additional discovery responses he claims are necessary, stated why such additional responses are needed, explained why the trial court’s discovery rulings are erroneous, or informed us why any such error constitutes a clear abuse of discretion. Although Woody contends that the trial court’s error in denying the motion to compel and identification of the wrongfully-withheld discovery is apparent from the record, we cannot agree, particularly in light of the rules requiring exclusion of evidence responsive to discovery requests if the offering party failed to timely amend or supplement incorrect or incomplete discovery responses. See, e.g., Tex.R. Civ. P. 193.4(c), 193.5, 193.6. We therefore conclude that Woody has not shown his entitlement to mandamus relief directing the trial court to compel more complete responses to discovery.
V. Conclusion
We conditionally grant Woody’s petition for a writ of mandamus with respect to the January 5, 2009 order granting Carolyn’s motion to strike the case from the jury docket, and we direct the trial court to vacate that portion of its order and reinstate the case on its jury docket. We deny Woody’s petition with respect to his request that we direct the trial court to vacate its order denying his motion to compel discovery. Woody’s request that we compel the trial court to continue the January 8, 2009 bench trial is moot in light of our stay issued on January 7, 2009. In response to the requests of both Woody and Carolyn, we clarify that the scope of the trial on remand is limited to the determination of the amount of attorneys’ fees that (a) were reasonable and necessary to the initial preparation and trial of Carolyn’s claims under the Declaratory Judgments Act and the Texas Trust Code, and (b) it is equitable and just to award. Finally, we lift our previously-issued stay. The writ will issue only if the trial court fails to act in accordance with this opinion.

. Although Woody also asked for mandamus relief compelling the trial court to continue the January 8, 2009 bench trial, that request is moot in light of our order staying trial.

. See also Everest Exploration, Inc. v. URI, Inc., 131 S.W.3d 138, 145 (Tex.App.-San Antonio 2004, no pet.) (rejecting appellee’s request to remand for determination of appellate attorneys' fees and holding appellee had waived its right to pursue such fees by failing to present evidence or obtain ruling in trial court); Koval v. Henry Kirkland Contractors, Inc., No. 01-06-00067-CV, 2008 WL 458295, at *7 (Tex.App.-Houston [1st Dist.] Feb. 15, 2008, no pet.) (mem.op.) (same).

. Walker, 827 S.W.2d at 842.

. An appeal from a trial court's discovery order is not adequate if (1) the appellate court would not be able to cure the trial court’s error on appeal; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) missing discovery cannot be made a part of the appellate record. In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig.proceeding) (citing Walker, 827 S.W.2d at 843).