Opinion issued December 11, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00873-CV






PPI TECHNOLOGY SERVICES, L.P., Appellant


V.


ONCA PETROLEUM DEVELOPMENT, INC., Appellee






On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 2004-17591









MEMORANDUM OPINION

 This is a breach-of-contract case in which the district court granted a partial
summary judgment that appellee Onca Petroleum Development, Inc. recover
$234,000.00 from appellant PPI Technology Services, L.P. because PPI breached a
consulting agreement. The district court then held a jury trial on PPI's counterclaims
and rendered judgment on the verdict that Onca was liable to PPI for $220,516.27 for
expenses related to a separate agreement (the "Guatemalan concessions") and
$73,645.43 for undisclosed liabilities in a stock purchase agreement.

 After calculating prejudgment interest, the district court held that Onca's net
recovery from PPI was $14,828.57. The district court held a hearing on attorney's
fees and awarded Onca $99,888.00 ($25,388.00 for the summary judgment and
$78,500.00 for trial), giving it a total judgement of $114,715.57.

 PPI brings seven issues claiming the district court erred in: (1) rendering a
partial summary judgment; (2) rendering summary judgment when a fact issue
existed; (3) rejecting newly discovered evidence of a tendered payment;
(4) submitting Onca's liability for the "Guatemalan concession" to the jury as that
liability was established as a matter of law; (5) not finding that Onca and PPI were
in a partnership; (6) not segregating attorney's fees; and (7) awarding excessive
attorney's fees.

 In issue one, PPI claims the district court erred in rendering summary judgment
only on Onca's claims as to the consulting agreement. PPI argues without citation to
authority that it was somehow deprived of notice that Onca was alternately seeking
a partial summary judgment. PPI did not preserve this issue by objecting below, and
we hold it has waived any potential error. See Tex. R. App. P. 33.1(a).

 In issue two, PPI claims the district court erred in rendering the partial
summary judgment because there was a fact issue regarding damages. Onca's
summary-judgment evidence was that PPI withheld $234,000 in required payments
under the consulting agreement, but PPI's summary-judgment evidence was that PPI
withheld $252,000. PPI in essence argues that the summary-judgment evidence
suggests that PPI owed $18,000.00 more than the district court awarded. PPI,
therefore, concedes the damages were at least $234,000. PPI cannot complain of
errors that do not affect it, and we overrule issue two. See Buckholts Indep. Sch. Dist.
v. Glaser, 632 S.W.2d 146, 150 (Tex. 1982).

 In issue three, PPI claims the district court erred by not granting a new trial
based on newly discovered evidence that PPI sent a January 2004 $13,483.74 check
to Onca that Onca never cashed. PPI's motion for new trial contained the affidavit
of Randy Sullivan, PPI's chief executive officer, in which Sullivan explained that he
was "considerably hampered in my post-verdict investigation by the fact that the
single corporate officer most familiar with the payments made by PPI to Onca and
their underlying calculation, PPI's former Chief Financial Officer Phil Cook, was no
longer with PPI." Sullivan went on to say that "to the best of my knowledge after
reasonable inquiry within PPI, no one employed by PPI in January 2006 was in any
way aware of the uncashed January 2004 check. With Mr. Cook no longer being at
the company in January 2006, and under the time pressures involved in preparing our
response, PPI's counsel and I also reasonably relied to some extent on [a witness's]
assertion that PPI had made no monthly payments since December 2003." 

 A party who seeks a new trial on the ground of newly discovered evidence
must demonstrate to the trial court that (1) the evidence has come to the party's
knowledge since the trial, (2) the evidence was not discovered earlier because of a
lack of due diligence, (3) the evidence is not cumulative, and (4) the evidence is so
material that it would probably produce a different result if a new trial were granted. 
Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983), overruled on other
grounds by Moritz v. Preiss, 121 S.W.3d 715, 720-21 (Tex. 2003). On appeal, the
issue is whether the trial court's refusal of a new trial involves the violation of a clear
legal right or a manifest abuse of judicial discretion. Jackson, 660 S.W.2d at 809.

 Onca points out that Cook testified at trial about the January 2004 check. 
Furthermore, PPI's motion for new trial does not demonstrate why PPI could not have
discovered the check before trial, since PPI found the check later. Based on this
record, we cannot say that the district court's refusal of the motion for new trial
violated a clear legal right or was a manifest abuse of judicial discretion. We overrule
issue three.

 In issue four, PPI claims the district court erred in submitting Onca's liability
for the "Guatemalan concession" to the jury as that liability was established as a
matter of law by a January 27, 2007 assignment agreement. PPI's total argument in
its brief consists of quoting one line from the assignment (1) and the declaration, "That
is a plain and unambiguous contractual obligation." This issue is overruled as PPI
has not provided any substantive briefing, including any citation to relevant authority. 
See Harris County Mun. Util. Dist. No. 48 v. Mitchell, 915 S.W.2d 859, 866 & n.15
(Tex. App.--Houston 1995, writ denied) (discussing failure to adequately brief).

 In issue five, PPI contends the district court erred in not granting a judgment
notwithstanding the verdict and holding that Onca and PPI were in a 50/50
partnership. PPI is therefore challenging the jury verdict that Onca owed
$146,870.84 out of the total "Guatemalan concessions" expenses of $587,483.35,
which is 25% of the total expenses.

 In order to demonstrate that Onca owed 50% of the total "Guatemalan
concessions" expenses as a matter of law, we must first examine the record for
evidence that supports the jury's damage finding, while ignoring all evidence to the
contrary. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). If we
determine there is no evidence to support the jury's finding, we then must examine
the entire record to determine if the contrary proposition is established as a matter of
law." Id.

 In its brief, PPI does not discuss evidence that supports the jury's finding. 
There is evidence in the record in which Onca's president expresses his
understanding to other parties that Onca had a 25% interest in the "Guatemalan
concessions." Because it does not address the matter, PPI makes no argument why
this evidence has no legal significance.

 We overrule issue five.

 In issue six, PPI argues the district court erred in awarding $74,500 in
attorney's fees to Onca for the trial in which the jury found that Onca was liable to
PPI in the amount of $146,870.84 for expenses related to the "Guatemalan
concessions" and $73,645.43 for undisclosed liabilities in a stock purchase
agreement. PPI cites the recent opinion in Tony Gullo Motors I, L.P. v. Chapa, in
which the supreme court makes it clear that if any attorney's fees relate solely to a
claim for which fees are unrecoverable, a claimant must segregate recoverable from
unrecoverable fees. Tony Gullo Motors I, L.P., 212 S.W.3d 299, 313-14 (Tex. 2006). 

 PPI attempted to get Onca's lawyer to segregate the attorney's fees for trial
from any issues specifically related to the breach of the consulting agreement. Onca's
lawyer did not segregate, claiming that Onca's position "is that the issues are
interrelated." While PPI did not formally object during the hearing on attorney's fees,
PPI did specifically object in its supplemental motion for new trial to Onca's failure
to segregation.

 In Tony Gullo, the supreme court explained that "to prevail on a contract claim
a party must overcome any and all affirmative defenses (such as limitations, res
judicata, or prior material breach), and the opposing party who raises them should not
be allowed to suggest to the jury that overcoming those defenses was unnecessary." 
Id. at 314. When a defendant asserts a counterclaim that the plaintiff must overcome
in order to fully recover on its contract claim, the attorney's fees necessary to defeat
that counterclaim are likewise recoverable. See Varner v. Cardenas, 218 S.W.3d 68,
69 (Tex. 2007) (per curiam). Thus, under certain circumstances, attorney's fees
incurred in defending against a counterclaim in a breach-of-contract case will not
need to be segregated. See 7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys.,
Inc., 245 S.W.3d 488, 507 (Tex. App.--Houston [14th Dist.] 2007, pet. denied)
(holding that no segregation was necessary because plaintiff had to defeat defendant's
counterclaim before plaintiff could recover on its own breach-of-contract claim).

 However, in this case, Onca did not successfully defend against PPI's
counterclaim. PPI received a jury verdict against Onca, which the district court offset
against Onca's partial summary judgment against PPI. As such, Onca cannot say that
its defense of PPI's counterclaims was necessary to fully recover on its contract
claim. Because Onca did not successfully defend against PPI's counterclaims, it
should have been required to segregate its attorney's fees. See Bair Chase Prop. Co.,
LLC v. S & K Dev. Co., 260 S.W.3d 133, 145 (Tex. App.--Austin 2008, pet. filed)
(holding that segregation of attorney's fees required because plaintiff did not
successfully defend against usury counterclaim; it instead took corrective action to
avoid liability for usury). Put simply, Onca cannot recover attorney's fees incurred
in the defense of a counterclaim on which it did not prevail. Onca should have been
required to segregate the attorney's fees that it incurred in prosecuting its
breach-of-contract claim from those that it incurred in unsuccessfully defending PPI's
counterclaim.

 We sustain issue six. In light of this disposition, we do not reach issue seven,
in which PPI argues the attorney's fees award was excessive.

 We reverse the judgment in part regarding the award of $74,500 in attorney's
fees to Onca for the trial, affirm the remaining portions of the judgment, and remand
the case to the district court for further proceedings limited to determining Onca's
recoverable attorney's fees, if any, for the jury trial.




 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.
1. "Assignor does hereby assign, transfer, convey and deliver to Assignee, and
Assignee does hereby acquire and assume, fifty percent (50%) of all of
Assignor's obligations, rights, title and interest in and to all properties, assets,
contracts, agreements, understandings, prepaid expenses, and rights . . . ."