**Opinion issued May 9, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00678-CV

———————————

**UNIVERSITY GENERAL HOSPITAL, L.P.; UNIVERSITY HOSPITAL SYSTEMS, LLP; CHARO BARNETTE, IN HER CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF GUY BARNETTE; AND JOHN E. UDEH, Appellants**

**V.**

**SIEMENS MEDICAL SOLUTIONS USA, INC., Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-18863**

---

## MEMORANDUM OPINION

This appeal arises from a dispute over a breach of a settlement agreement.

Applying the terms of the settlement, we affirm the judgment to the extent it enforced

the liability of University General Hospital, L.P. and University Hospital Systems, LLP, which agreed to be jointly and severally liable for a sum of $5,500,000. We reverse to the extent the judgment imposed liability against Barnette and Udeh, who were expressly excused from their obligations as individual guarantors, and we render a take-nothing judgment in their favor. In light of our holdings, we remand for further proceedings relating to the recovery of reasonable and necessary attorney's fees.

## Background

This lawsuit arises out of the failed settlement of a prior suit. In 2010, Siemens Medical Solutions USA, Inc. filed suit against University General Hospital, L.P. and University Hospital Systems, LLP, alleging that they breached several contracts under which Siemens provided medical equipment, information-technology services, and maintenance. Siemens also sued Guy Barnette, John E. Udeh, and Moien R. Butt as guarantors. The parties entered into a settlement agreement to resolve that lawsuit.

In their settlement agreement, the parties made several commitments to one another. University General agreed to pay Siemens $4,850,000. University General was obligated to pay $1,000,000 the day that Siemens signed the settlement papers, and the remainder was to be paid in 20 monthly installments. The parties agreed to dismiss the 2010 lawsuit with prejudice upon University General's initial $1,000,000

2

payment. University General and Siemens further agreed to execute a new health-services agreement and several addenda to existing equipment leases.

Under the settlement agreement, so long as University General satisfied its obligations, none of the other defendants were required to pay any portion of the $4,850,000 settlement amount. However, all of the defendants were obligated to sign an "Agreed Judgment" that Siemens would hold until University General had made all of the installment payments. Execution of this Agreed Judgment extinguished the liability of Barnette, Udeh, and Butt as guarantors of the original contracts which gave rise to the dispute. However, if University General failed to make the required payments or it otherwise breached the agreement and failed to cure its default after written notice, Siemens was entitled to seek entry of the Agreed Judgment.

Under the terms of the Agreed Judgment, University General and University Hospital would be jointly and severally liable for $5,500,000 in damages, subject to a dollar-for-dollar credit for any payments already made by University General. In addition, Barnette, Udeh, and Butt each would be severally but not jointly liable for $866,667 of the $5,500,000 owed by University General and University Hospital. Barnette, Udeh, and Butt would be entitled to a credit of 12 cents on the dollar for any payments already made by University General.

University General paid Siemens the initial $1,000,000 required under the agreement in mid-October 2011. When University General's first installment

payment came due on October 31, it failed to pay. On November 2, Siemens notified University General and the other parties to the settlement agreement that it intended to file and enforce the Agreed Judgment. Nevertheless, in accord with the settlement agreement's terms regarding the effect of the initial $1,000,000 payment, the parties filed an agreed motion to dismiss the 2010 lawsuit with prejudice on November 4. The trial court dismissed the suit that same day. University General made belated payments of $50,000 and $150,000 during November, but it again failed to make its installment payment at the end of the month. It failed to make its next installment payment at the end of December as well. Siemens made additional demands for payment in December 2011 and January 2012; in these notices it restated its intention to file and enforce the Agreed Judgment.

In January 2012, Siemens filed the Agreed Judgment under the same cause number as the 2010 lawsuit and sought its entry and enforcement. In February 2012, 91 days after dismissing the suit, the trial court signed and entered the Agreed Judgment. University General and the other defendants appealed from the Agreed Judgment to this court. While that appeal was pending, Butt settled with Siemens for $722,667 and was dismissed from the suit. This court subsequently vacated the Agreed Judgment, holding that it was "void" because it had been entered by the trial court after its plenary power expired. *See Univ. Gen. Hosp. v. Siemens Med. Solutions USA*, No. 01-12-00174-CV, 2013 WL 772951, at *2–3 (Tex. App.—

4

Houston [1st Dist.] Feb. 28, 2013, no pet.) (mem. op.). The court, however, noted that Siemens was "not left without a remedy—it can file suit to enforce the settlement agreement." *Id.* at *3.

Siemens then brought this suit against University General and the other appellants. In its petition, Siemens once again sought entry of the Agreed Judgment. It also alleged breach of the settlement agreement and requested a declaratory judgment of its rights under the settlement agreement, including a declaration that it had a right to seek entry of the Agreed Judgment. Siemens eventually moved for summary judgment, contending that University General and the other appellants were liable for breach of the settlement agreement and that the proper remedy was entry of a judgment consistent with the terms of the Agreed Judgment. The trial court entered a partial summary judgment finding University General liable to Siemens for breach of contract and awarding damages. The remainder of Siemens's claims, including its request for attorney's fees, were set for trial.

After a bench trial, the trial court entered a final judgment, which superseded the partial summary judgment, in favor of Siemens for breach of the settlement agreement. The trial court found that University General and University Hospital were jointly and severally liable for $3,577,333, which the trial court calculated by subtracting the $1,200,000 already paid by University General and the $722,667 paid by Butt from the $5,500,000 in liability imposed by the Agreed Judgment. The trial

5

court further found Barnette and Udeh liable for $722,667 each. Consistent with the terms of the Agreed Judgment, their personal liability comprised a portion of the $3,577,333 award, rather than being in addition to it, and it was calculated by applying the 12-cents-per-dollar credit to the $866,667 in individual liability stated in the Agreed Judgment. In addition, the trial court awarded Siemens $180,155.66 for attorney's fees incurred after University General's breach of the settlement agreement until the filing of the present lawsuit, $271,153.19 in attorney's fees incurred during this suit through summary judgment, and $244,970.03 in attorney's fees incurred after the summary judgment.

The trial court entered findings of fact and conclusions of law. It concluded that University General and the other appellants agreed to the terms of the Agreed Judgment in the event of a breach of the settlement agreement, and it therefore based its award of damages on the Agreed Judgment's terms. It further concluded that Siemens was entitled to attorney's fees under Chapters 37 and 38 of the Texas Civil Practice and Remedies Code.

This appeal followed. University General and University Hospital filed for Chapter 11 bankruptcy, resulting in an automatic stay. After the bankruptcy court lifted the stay, we reinstated the appeal.

**Analysis**

**I.      Scope of contractual liability**

University General and the other appellants contend that the trial court erred by enforcing the terms of the Agreed Judgment instead of the terms of the parties' settlement agreement. Siemens responds that the settlement agreement provides that the terms of the Agreed Judgment control if University General breaches the agreement, which it did.

The interpretation of an unambiguous contract is a question of law, which we review de novo. *Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 449 (Tex. 2015). The parties' intent, as expressed in the language of their agreement, is controlling. *Plains Expl. & Prod. Co. v. Torch Energy Advisors*, 473 S.W.3d 296, 305 (Tex. 2015). Extrinsic evidence may not be introduced to prove some meaning other than what the contract states. *Anglo-Dutch Petrol. Int'l v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 451 (Tex. 2011). The contract's language is considered as a whole, attempting to give effect to all of its provisions so that none are rendered meaningless. *Seagull Energy E&P v. Eland Energy*, 207 S.W.3d 342, 345 (Tex. 2006). Occasionally, however, the way in which parties draft an agreement may unavoidably render a provision inoperative. *E.g.*, *Houston Expl. Co. v. Wellington Underwriting Agencies*, 352 S.W.3d 462, 473 (Tex. 2011). Unless the contract shows that it uses a term in a technical or different sense, we give its provisions their

plain, ordinary, and generally accepted meaning. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). Furthermore, we read the contract's words and phrases together and in context, not in isolation from one another. *Hysaw v. Dawkins*, 483 S.W.3d 1, 13 (Tex. 2016).

In a suit for breach of contract, the court is confined to the parties' bargain; it can enforce the contract's terms but it generally cannot modify them. *In re Merrill Lynch Tr. Co.*, 235 S.W.3d 185, 191 (Tex. 2007). We may not rewrite a contract or add to its language in the guise of interpreting it. *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 239 (Tex. 2016); *Gilbert Tex. Constr. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126–27 (Tex. 2010). Therefore, if the remedies for breach are specified in the contract, the non-breaching party ordinarily is limited to these remedies even if another remedy would go further to make it whole. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003).

In sum, contract rights ordinarily arise directly from the agreement's language, not principles of equity. *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 647 (Tex. 2007). Thus, unambiguous contracts usually are enforced as written even if one or more of the parties made a poor bargain or created hardships for themselves. *Venture Cotton Coop. v. Freeman*, 435 S.W.3d 222, 228 (Tex. 2014). The role of courts is to enforce valid contracts, not to protect parties from their own agreements. *El Paso Field Servs. v. MasTec N. Am.*, 389 S.W.3d 802, 810–11 (Tex. 2012).

If the terms of the settlement agreement had been fulfilled, University General alone would have been obligated to pay Siemens $4,850,000. Of that amount, University General had to pay the first $1,000,000 the day that Siemens signed the agreement. Upon payment of that $1,000,000, the parties agreed to execute and file papers dismissing the 2010 lawsuit with prejudice. University General paid the $1,000,000, the parties filed the dismissal papers, and the court dismissed the suit with prejudice.

University General was obliged to pay the remainder of the settlement amount over a period of 20 months. So long as University General did so, the other appellants had no payment obligations. However, to protect Siemens, under the settlement agreement University General and the other appellants were required to sign and tender to Siemens an "Agreed Judgment" in the amount of $5,500,000 and in a specified form. The Agreed Judgment bore the style and cause number of the 2010 lawsuit, and it provided that University General and University Hospital would be jointly and severally liable for $5,500,000 and that the individual appellants each would be liable for $866,667 of this total amount, subject to offsets for any amounts previously paid in settlement. Siemens agreed not to file or seek entry of this Agreed Judgment unless University General breached the settlement agreement.

Once University General paid the full settlement amount of $4,850,000, Siemens was obligated to return the executed Agreed Judgment to University

General, and the appellants then would have had no further liability under the settlement agreement or the Agreed Judgment. University General, however, failed to make the installment payments required by the agreement and litigation ensued— first Siemens's unsuccessful attempt to enforce the Agreed Judgment after the trial court's plenary power in the 2010 suit had expired, and now this suit seeking to enforce the terms of the settlement agreement.

Siemens contends that the plain language of the settlement agreement provides it with the same remedy for University General's breach as specified in the Agreed Judgment. We agree with Siemens in part. In the event of a breach, the agreement provided without qualification that University General and University Hospital "will be jointly and severally liable for the full amount of the Agreed Judgment." By this language, these entities contractually committed to pay Siemens $5,500,000 ("the full amount of the Agreed Judgment") in the event of a breach of the settlement agreement, regardless of whether the Agreed Judgment itself remained independently enforceable. The subsequent unenforceability of the Agreed Judgment due to the expiration of the trial court's plenary power is immaterial to this separate and distinct contractual commitment. Indeed, the settlement agreement's severability clause explicitly provided that if any part is held "void or unenforceable for any reason," the remainder would remain valid and enforceable "to the greatest possible degree." Accordingly, University General and University

10

Hospital are jointly and severally liable for the sum of "the full amount of the Agreed Judgment"—$5,500,000—notwithstanding the unenforceability of the Agreed Judgment document.

By contrast, in the event of a breach, the settlement agreement did not commit Barnette, Udeh, or Butt to pay any amount to Siemens apart from their obligations under the Agreed Judgment, which turned out to be unenforceable. The settlement agreement expressly provided for the dismissal of the original litigation with prejudice. The settlement agreement also expressly specified that Barnette, Udeh, and Butt "are not jointly and severally liable . . . for the full amount of the Agreed Judgment" along with University General and University Hospital in the event of a breach. Instead, the personal liability of Barnette, Udeh, and Butt was repeatedly characterized as arising solely "under the Agreed Judgment." Moreover, under the settlement agreement, the execution of the Agreed Judgment expressly extinguished their personal liability as guarantors. Accordingly, given that the Agreed Judgment, which this court has held to be "void," was the only source of their continuing liability, Barnette, Udeh, and Butt are no longer personally liable for any sum as a result of University General's breach of the settlement agreement.

Siemens argues that an interpretation of the agreement that does not incorporate all of the terms of the Agreed Judgment improperly renders them meaningless. We disagree. The settlement agreement required University General to

make installment payments and provided for dismissal of the underlying suit with prejudice once it made the initial $1,000,000 payment. The agreement further provided for the execution of the Agreed Judgment and specified the circumstances under which Siemens could seek its entry. University General defaulted after making the initial payment. Siemens then notified the parties that it would seek entry of the Agreed Judgment, but it did not do so during the period in which the trial court retained plenary power. *See* TEX. R. CIV. P. 329b(d), (e). The trial court could have entered the Agreed Judgment had Siemens sought this relief within this period; thus, the Agreed Judgment's provisions were not meaningless. Even after the Agreed Judgment was no longer enforceable due to the expiration of the trial court's plenary power, Siemens continued to have a contractual remedy against University General and University Hospital. Because we cannot rewrite the parties' settlement agreement or add to its terms, we reject Siemens's position that it continues to be entitled to the greater relief that would have been available under the Agreed Judgment. *See Fischer*, 479 S.W.3d at 239; *Gilbert Tex. Constr.*, 327 S.W.3d at 126–27.

Accordingly, we hold that the parties' settlement agreement made University General and University Hospital "jointly and severally liable for the full amount of the Agreed Judgment." Calculation of the "full amount of the Agreed Judgment" incorporates a dollar-for-dollar credit for any sums already paid by University

12

General. The "full amount of the Agreed Judgment" also factors in a deduction for any amount paid by Barnette, Udeh, or Butt. Reducing $5,500,000 by the sums already paid by University General—$1,200,000—and the amount paid in settlement by Butt—$722,667—results in University General and University Hospital being jointly and severally liable for $3,577,333 under the parties' settlement agreement. Consequently, we overrule the challenge to the portion of the trial court's judgment decreeing that University General and University Hospital are jointly and severally liable to Siemens in the amount of $3,577,333. However, we sustain the challenge to that portion of the judgment which held Barnette and Udeh individually liable.

## II. Attorney's fees

University General and the other appellants contend that the trial court erred by awarding attorney's fees to Siemens for services that were neither necessary nor reasonable in amount. Their primary complaint on appeal is that the trial court impermissibly awarded attorney's fees that Siemens incurred in its unsuccessful attempt to enforce the Agreed Judgment. Siemens responds that all of the attorney's fees awarded were for necessary legal services and reasonable in amount.

We review the amount of a fee award for an abuse of discretion. *See Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015). The reasonableness and necessity of attorney's fees generally are questions of fact. *Bocquet v. Herring*, 972 S.W.2d 19,

21 (Tex. 1998). Under some circumstances, however, attorney's fees may be unreasonable or unnecessary as a matter of law. For example, fees incurred by a plaintiff in pursuit of claims against defendants who are not liable under a contract may not be recouped from other defendants who are liable because the legal services relating to the former were unnecessary to the recovery obtained. *See Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007) (per curiam). Similarly, an award that includes fees for legal services performed in pursuit of other parties who settled generally is not reasonable. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–11 (Tex. 1991). A fee also may be unreasonable in amount as a matter of law if the plaintiff obtained substantially less relief than it sought but was awarded all of the fees it incurred. *See Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547–49 (Tex. 2009).

The trial court's judgment subject to this appeal purported to enforce the Agreed Judgment and thereby imposed liability on University General, University Hospital, Barnette, and Udeh consistent with that document's terms. Accordingly, the trial court's award of attorney's fees included fees that Siemens incurred in connection with its effort to enforce the Agreed Judgment, including:

- $20,448.21 in fees and expenses incurred after University General's nonpayment under the settlement agreement through original entry of the subsequently vacated Agreed Judgment;
- $87,108.47 in fees and expenses incurred in post-judgment activities after original entry of the subsequently vacated Agreed Judgment; and

14

- $68,148.20 in fees and expenses incurred in connection with the previous appeal in which this court vacated the Agreed Judgment as "void."

"Necessary" ordinarily means "something that is essential or needed for some purpose." *Sw. Bell Tele. v. Emmett*, 459 S.W.3d 578, 584 (Tex. 2015). Fees incurred in an unsuccessful lawsuit are neither essential nor needed for some purpose. Therefore, we hold that the aforementioned fees, which were incurred by Siemens in its unsuccessful attempt to enforce the Agreed Judgment, were unnecessary as a matter of law. *See Varner*, 218 S.W.3d at 69. It became unenforceable because the court lost jurisdiction.

In addition, the trial court awarded $4,450.78 in fees and expenses relating to Siemens's work obtaining a settlement from Butt during the prior lawsuit. These fees ordinarily would not be recoverable from University General or University Hospital, because it would be unreasonable to impose on them fees that Siemens incurred pursuing a settling party. *See Stewart Title*, 822 S.W.2d at 10–11. These fees also were unnecessary as a matter of law. We have held that only University General and University Hospital continue to be liable under the settlement agreement. Therefore, fees for legal services undertaken in pursuit of the other parties are not recoverable. *See Varner*, 218 S.W.3d at 69. Likewise, because the trial court rendered judgment against Barnette and Udeh, whom we have held are not liable under the settlement agreement on appeal, its fee award included unnecessary fees incurred by Siemens for services performed in its pursuit of them. *See id.*

15

In sum, the trial court's fee award includes attorney's fees that were neither necessary nor reasonable in amount. Therefore, we hold that the trial court abused its discretion. However, on this record we are unable to identify all of the unnecessary or unreasonable fees. For example, we cannot distinguish the fees incurred by Siemens in pursuit of Barnette and Udeh, who are not liable under the settlement agreement, from the fees incurred by Siemens in pursuit of University General and University Hospital, which are liable under the settlement agreement. Nor has the trial court had the opportunity to evaluate the reasonableness and necessity of the fees incurred by Siemens under the proper interpretation of the parties' settlement agreement, under which only University General and University Hospital are liable for breach of contract. Thus, remand for reevaluation of the amount of attorney's fees recoverable is necessary. *See A.G. Edwards & Sons v. Beyer*, 235 S.W.3d 704, 710 (Tex. 2007) (remanding for new trial on attorney's fees where recoverable fees were not segregated from unrecoverable ones).

## III.   Prejudgment interest

The trial court's judgment references an award of prejudgment interest, but it does not award any amount of prejudgment interest in the portion decreeing the relief granted to Siemens. University General and the other appellants contend that the trial court therefore did not award prejudgment interest. Siemens disagrees with this

16

contention. However, no party actually argues that the trial court would have erred by awarding prejudgment interest for breach of the settlement agreement.

To the extent the parties disagree about the meaning of the judgment, the trial court will have the opportunity to clarify its meaning on remand. We therefore need not reach the parties' contentions concerning prejudgment interest. *See Long v. Griffin*, 442 S.W.3d 253, 256 (Tex. 2014) (per curiam).

**Conclusion**

We reverse the portion of the trial court's judgment awarding damages and postjudgment interest against Barnette and Udeh, and we render a take-nothing judgment in their favor. We reverse the portion of the trial court's judgment awarding Siemens its attorney's fees and remand for a new trial on the issue of reasonable and necessary attorney's fees consistent with this opinion. We affirm the remaining portions of the trial court's judgment.


Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

17