

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00145-CV

Brandon **HJELLA**,
Appellant

v.

**RED MCCOMBS MOTORS, LTD.**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI15792
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
            Liza A. Rodriguez, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: August 28, 2024

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

This is the second appeal between appellant Brandon Hjella and appellee Red McCombs Motors, Ltd. ("Red McCombs"). In the previous appeal, this court affirmed the trial court's summary judgment in favor of Red McCombs but reversed the award of attorney's fees and remanded the case for further proceedings to determine Red McCombs's entitlement to attorney's fees. *See Hjella v. Red McCombs Motors, Ltd.*, No. 04-20-00359-CV, 2022 WL 789501, at *1, *6 (Tex. App.—San Antonio March 16, 2022, pet. denied) ("*Hjella I*"). Hjella again challenges the trial court's award of attorney's fees and the trial court's previous order granting Red McCombs's

summary judgment. We do not disturb this court's prior summary judgment in favor of Red McCombs but reverse the trial court's award of attorney's fees to Red McCombs. We again remand the cause to the trial court to determine Red McCombs's entitlement to attorney's fees.

**BACKGROUND**

Following remand from the previous appeal, the trial court rendered its January 30, 2023 final judgment (the "2023 final judgment"). In the 2023 final judgment, the trial court acknowledged this court's judgment in *Hjella I* affirming the trial court's summary judgment on Red McCombs's breach of contract claim (the "2020 final judgment"). *See Hjella I*, 2022 WL 789501, at *1–4. The portion of the 2020 final judgment affirmed by this court also dismissed Hjella's counterclaims and recites Red McCombs's nonsuit of its remaining claims. *See id.* In its 2023 final judgment following a hearing on remand regarding attorney's fees, the trial court ordered Red McCombs recover a total of $80,000 in attorney's fees from Hjella.

Hjella raises two issues on appeal. In his first issue, Hjella complains Red McCombs (1) failed to segregate its attorney's fees incurred for its breach of contract claim, the only claim providing for attorney's fees, and (2) offered objectionable, conclusory, and improper evidence to support its requests for attorney's fees. Hjella's second issue again challenges the finality of the trial court's 2020 final judgment arguing the trial court erred when it rendered the 2020 final judgment while disregarding his pending affirmative defenses and counterclaims.

**THE LAW OF THE CASE: FINALITY OF THE 2020 FINAL JUDGMENT**

We address Hjella's second issue first as it pertains to this court's jurisdiction to entertain this appeal, and thus is dispositive. As in the first appeal, Hjella argues the trial court erred when rendering its 2020 final judgment because claims remained outstanding. *See id.* at *1, *3. Specifically, Hjella contends the trial court's 2020 final judgment was not a final appealable judgment because he filed his fourth amended petition with new affirmative defenses and

counterclaims on March 30, 2020, before the trial court signed its April 13, 2020 final judgment. However, Hjella filed his fourth amended petition after Red McCombs filed its February 7, 2020 nonsuit as to all claims undecided in the case subject to entry of the trial court's summary judgment on Red McCombs's breach of contract claim and existing orders and claims for attorney's fees and costs.

### A. Applicable Law

Under the law-of-the-case doctrine, a decision rendered in a former appeal is generally binding in a later appeal of the same case. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012) (citing *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003)). The Texas Supreme Court described the doctrine as follows:

> The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. The doctrine is based on public policy and is aimed at putting an end to litigation.

*Briscoe*, 102 S.W.3d at 716 (citation omitted). The doctrine may apply even when the appeal does not reach the court of last resort. *See Paradigm Oil*, 372 S.W.3d at 182–83 (noting that while denying a petition for review does not invoke the law-of-the-case doctrine in its court, the decision by the court of appeals becomes the law of the case in the trial court and the court of appeals if the Texas Supreme Court denies a petition for review); *Shiloh Treatment Ctr., Inc. v. Ward*, 608 S.W.3d 337, 341 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (explaining when a court of appeals remands case for further proceedings, the issues decided by the court of appeals will be regarded as the law of the case).

The doctrine, however, is not an absolute bar to reconsideration of the same issue in a subsequent appeal. *Briscoe*, 102 S.W.3d at 716. Rather, the doctrine is flexible and provides courts

of appeals with discretion to reconsider an issue depending on the circumstances of that case. *See id.* One exception to the doctrine occurs when an appellate court's original decision is clearly erroneous: the original decision in that case is not binding in a subsequent appeal. *Briscoe*, 102 S.W.3d at 716; *Entergy Corp. v. Jenkins*, 469 S.W.3d 330, 337 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Moreover, the law-of-the-case doctrine does not preclude a reexamination of the trial court's jurisdiction. *See Jenkins*, 469 S.W.3d at 337; *see also Briscoe*, 102 S.W.3d at 717 ("Because application of the law of the case doctrine is discretionary, the court of appeals had the authority to re-visit its jurisdictional decision."). "Subject matter jurisdiction is essential to a court's power to decide a case." *Jenkins*, 469 S.W.3d at 336 (quoting *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013)) (internal quotation marks omitted). Absent jurisdiction, a court lacks authority to act other than to determine it lacks jurisdiction. *See id.* Courts must ascertain whether subject matter jurisdiction exists for purposes of deciding the merits of a case, and a judgment is void if rendered by a court without jurisdiction. *See id.* "Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding." *Id.* at 337 (citations omitted).

### B. Analysis

Hjella's second issue in this appeal raises the exact argument Hjella raised in his first appeal. *See Hjella I*, 2022 WL 789501, at *1, *3. Although we are not precluded from reconsidering jurisdictional issues, we decline to do so here. *See Jenkins*, 469 S.W.3d at 337. Hjella's brief contains no jurisdictional argument that he did not previously assert in the first appeal.

Accordingly, just as we held in *Hjella I*, we conclude the trial court's 2020 final judgment was a final appealable judgment that disposed of all parties and claims thereby subjecting it to the

appellate court's jurisdiction in *Hjella I. See Jenkins*, 469 S.W.3d at 338 (reexamining the jurisdictional issue, as jurisdiction is a fundamental inquiry and cannot be conferred by a prior decision in the case); *Jacobs v. Jacobs*, 448 S.W.3d 626, 630–31 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting while the prior decision of the court governed virtually similar jurisdictional questions, the court briefly addressed the jurisdictional issue and concluded that the trial court did not lack jurisdiction to render the challenged orders).

Thus, we conclude the law of the case doctrine applies and binds this court to our prior jurisdictional determination in this case. We decline to exercise our discretion to reconsider Hjella's argument.

We overrule Hjella's second issue.

### ATTORNEY'S FEES

In this appeal, Hjella challenges the trial court's new award of attorney's fees to Red McCombs after remand. As in the first appeal, Hjella contends the trial court improperly awarded the attorney's fees despite Red McCombs's failure to segregate recoverable fees from unrecoverable fees. *See Hjella I*, 2022 WL 789501, at *5–6. Hjella, like before, also contends Red McCombs, over objection, "refused and failed to offer proper evidence and only submitted objectionable and conclusory and improper evidence and affidavits."

*A. Relevant Facts*

In the 2020 final judgment, the trial court awarded Red McCombs $39,615.27 for attorney's fees and costs, plus accrued prejudgment interest of $2,197.83, for a total of $41,813.10. *See id.* at *4–5. Additionally, the trial court ordered Red McCombs recover contingent appellate attorney's fees for successfully defending an appeal. The trial court divided the contingent appellate attorney's fees into severable occurrences for both the court of appeals and the Texas Supreme Court. Based on the 2020 final judgment, the entire amount possible to be awarded to

Red McCombs for successfully defending Hjella's appeal to this court totaled $14,000.[1] In a separate hearing, following the 2020 final judgment, the trial court also awarded Red McCombs an additional $12,000 in attorney's fees and $754.85 in costs associated with defending Hjella's mandamus to this court. In *Hjella I,* this court then reversed the 2020 final judgment with respect to the amount the trial court awarded in attorney's fees and costs and remanded the case for the determination of attorney's fees, if any. *See id.* at *6 & n.4.

On remand, Red McCombs filed its motion requesting attorney's fees incurred in the trial court, the mandamus proceeding, and this court. In its motion, Red McCombs requested (1) $38,764 in attorney's fees and $851.27 in expenses associated with trial, (2) $30,352 in attorney's fees and $754.85 in expenses associated with the mandamus, and (3) $34,412.50 in attorney's fees and $95.93 in expenses associated with the appeal and "subsequent lawsuit." Red McCombs attached affidavits from its trial and appellate counsel averring they removed fees incurred before Red McCombs added its breach of contract claim, and subsequently, there was "no practical way to segregate the billings any further because the recoverable and unrecoverable fees reflected . . . are inextricably intertwined." Each attorney's affidavit also explained his expertise and involvement with the case. The affidavits provided a range of billing rates for those who worked on the case, claiming that the timekeepers' "respective rates are reasonable, and the services rendered were necessary[.]" Each attorney also broke down within their respective affidavits the

___

[1] The 2020 final judgment sets forth the continent appellate attorney's fees as follows: $14,000 (briefing to court of appeals), $5,250 (orally arguing before court of appeals), $1,750 (post-argument briefing or filing a motion for rehearing), $5,250 (filing or responding to a petition for discretionary review to Texas Supreme Court), $8,750 (briefing to Texas Supreme Court), $10,500 (orally arguing before Texas Supreme Court), and $3,500 (post-argument briefing to Texas Supreme Court). Hjella appealed to this court, and this court resolved the issues without oral argument. Following this court's issuance of *Hjella I*, Hjella filed a motion for rehearing, which we denied. Hjella then filed a petition for discretionary review to the Texas Supreme Court, which it denied. Red McCombs neither filed a response to Hjella's motion for rehearing or to his petition for discretionary review. *See Hjella v. Red McCombs Motors, Ltd.*, No. 04-20-00359-CV, 2022 WL 789501, at *1, *6 (Tex. App.—San Antonio March 16, 2022, pet. denied).

*Arthur Anderson* factors, providing a brief description for each factor. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). The attorneys attached their billing statements to their respective affidavits. With the exception of one attorney, the billing statements provide dates, persons performing work and time spent, but do not specify the hourly rate for each person to determine how the total bill was derived.

The attorney's fees and costs requested by Red McCombs totaled $105,230.55. The trial court conducted a hearing, and without further explanation, awarded Red McCombs $80,000 in attorney's fees.

### B. Applicable Law

We review a trial court's award of attorney's fees for an abuse of discretion. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). "A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence." *Lopez v. Rocky Creek Partners, LLC*, 623 S.W.3d 510, 517 (Tex. App.—San Antonio 2021, no pet.) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)); *see also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (explaining legal and factual sufficiency of the evidence are relevant factors in determining whether a trial court abused its discretion).

"When a claimant wishes to obtain attorney's fees from the opposing party, the claimant must prove that the requested fees are both reasonable and necessary." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). Additionally, when a prevailing party is entitled to attorney's fees on one claim but not another, the prevailing party must segregate the recoverable fees from the unrecoverable fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). Whether the recoverable fees requested by a prevailing party are reasonable and necessary are both questions of fact to be determined by the factfinder. *See Rohrmoos*, 578 S.W.3d at 489.

The lodestar method sets forth a two-step inquiry to ascertain what constitutes reasonable and necessary attorney's fees. *See id.* at 498. First, the factfinder must determine the reasonable hours worked by counsel multiplied by the reasonable hourly rate for counsel's services. *Id*. at 501; *see also El Apple I*, 370 S.W.3d at 760. At a minimum, the claimant's proof of reasonable attorney's fees should include "evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos*, 578 S.W.3d at 498. This base lodestar calculation—hours multiplied by hourly rate—approximates "the reasonable value of legal services provided" and, when supported by sufficient evidence, is presumed to reflect "the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party." *Id*. at 498–99, 501.

Second, because other considerations may justify an enhancement or reduction to the base lodestar figure, the factfinder must determine "whether evidence of those considerations overcomes the presumption and necessitates an adjustment to reach a reasonable fee." *Id*. at 501. This step allows for the enhancement or reduction of the base lodestar figure "when considerations not already accounted for in the first step" establish that the base lodestar figure represents either an unreasonably low or an unreasonably high fee award. *See id*. at 502. "[C]onsiderations already incorporated into the base calculation may not be applied to rebut the presumption that the base calculation reflects reasonable and necessary attorney's fees." *Id*. at 501 (noting *Arthur Andersen* factors "may justify an adjustment" so long as they are noncumulative of the base-lodestar considerations) (citing *Arthur Andersen*, 945 S.W.2d at 818)).

While the Texas Supreme Court held that contemporaneous billing records are not required, the court "strongly encouraged" their use as evidence, reasoning that in all but the simplest cases, an attorney would likely have to refer to these records or other documentation to

provide legally sufficient testimony about the reasonableness and necessity of the fees. *See id.* at 502.

Moreover, an award of appellate attorney's fees must be contingent upon the prevailing party's successful defense against an appeal. *Pickett v. Keene*, 47 S.W.3d 67, 78 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.). Otherwise, a party would be penalized for pursuing a successful appeal. *Schlueter v. Schlueter*, 975 S.W.2d 584, 590 (Tex. 1998); *Pickett*, 47 S.W.3d at 78. Thus, "[a]n appellee may not recover attorney's fees for work performed on any issue of the appeal where the appellant was successful." *Lynch v. Lynch*, 540 S.W.3d 107, 136 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (quoting *Jacks v. G.A. Bobo*, No. 12-10-00163-CV, 2011 WL 2638751, at *5 (Tex. App.—Tyler June 30, 2011, pet. denied) (mem. op.)); *Pickett*, 47 S.W.3d at 78. However, an appellee may still recover attorney's fees for work performed on any issue of the appeal where the appellant was unsuccessful. *Desio v. Del Bosque*, No. 05-21-00022-CV, 2022 WL 500025, at *5 (Tex. App.—Dallas Feb. 18, 2022, no pet.) (citing *Smith v. Smith*, 757 S.W.2d 422, 426 (Tex. App.—Dallas 1988, writ denied)). When a prevailing party is entitled to attorney's fees on one claim but not another, the prevailing party must segregate the recoverable fees from the unrecoverable fees. *Chapa*, 212 S.W.3d at 313. Thus, an appellee must segregate the appellate attorney's fees when the appellant is partially successful on appeal. *See Smith*, 757 S.W.2d at 426; *see also Robertson v. Robertson*, No. 13-16-00309-CV, 2017 WL 6546005, at *5 (Tex. App.—Corpus Christi–Edinburg Dec. 21, 2017, no pet.) (mem. op.) (citing *Lynch*, 540 S.W.3d at 136). Furthermore, the party seeking contingent appellate attorney's fees must have provided evidence at trial regarding the services "it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020).

*C.  Analysis*

Overall, Red McCombs's proof of reasonable and necessary attorney's fees falls short of the base lodestar calculation. Through multiple pages of affidavits and attached billing records, Red McCombs's counsel establish some, but not all, of the minimum requirements of *Rohrmoos*. *See Rohrmoos*, 578 S.W.3d at 498.

For example, the affidavit and billing records supporting Red McCombs's request for attorney's fees associated with counsel's trial work provides the "timekeepers billed at hourly rates ranging from $110 to $350/hr." The billing records then provide individual entries that indicate a particular timekeeper, the date of the work performed, the amount of time spent on the task, and a brief description of the task, but fail to assign the hourly billable rate to that particular timekeeper to perform the lodestar calculation—hours multiplied by hourly rate. *See id*. at 498–99, 501. Moreover, Red McCombs must segregate attorney's fees incurred for recoverable claims from those fees incurred for unrecoverable claims. *See Chapa*, 212 S.W.3d at 313.

Regarding the appellate attorney's fees from the first appeal, the 2020 final judgment only awarded Red McCombs contingent appellate attorney's fees of "$14,000 in reasonable and necessary appellate fees through the briefing stage at the Court of Appeals[.]" On remand, however, Red McCombs requested $34,412.50 in appellate attorney's fees. The billing statements attached to the affidavit supporting the appellate attorney's fees provided generalized statements lacking details as to whether the appellate work during the initial appeal addressed the breach of contract issue—for which Red McCombs was successful on appeal—or the attorney's fees issue that Red McCombs was unsuccessful in defending on appeal. Moreover, the billing statements contain entries for work performed after this court's issuance of *Hjella I* on March 16, 2022. "When a case is remanded to the trial court, the trial court's authority is limited so that no issue can be tried except under the authority of the mandate." *Jacks*, 2011 WL 2638751, at *6. No

additional attorney's fees can be awarded for fees incurred for the determination of the remanded attorney's fees issue. *See Jacks*, 2011 WL 2638751, at *6; *see generally Varner v. Cardenas*, 218 S.W.3d 68, 70 (Tex. 2007).

Additionally, on remand, Red McCombs requested $30,352 in attorney's fees incurred from the mandamus proceedings and "additional attempts to enforce the contract." Prior to the initial appeal, the trial court awarded $12,000 in attorney's fees associated with the mandamus proceedings. Overall, a claimant must prove the attorney's fees they seek are reasonable and necessary to be entitled to them. *See Rohrmoos*, 578 S.W.3d at 498. Here, Hjella was forced to file the mandamus proceeding because the trial court awarded Red McCombs $37,115.27 in attorney's fees and costs and ordered Hjella to pay Red McCombs this amount by February 17, 2020, prior to the trial court signing a final judgment. Red McCombs then sought enforcement of the payment of its fees when Hjella did not pay the ordered attorney's fees. Hjella was left with no option but to seek mandamus relief because there was no final judgment to appeal. To burden Hjella with additional attorney's fees for a proceeding he was forced to file through no fault of his own cannot satisfy Red McCombs's burden to prove the fees were reasonable and necessary in obtaining favorable relief on its breach of contract claim. *See id.*

Thus, we conclude that the record does not contain sufficient evidence to establish a base lodestar calculation with respect to both the trial and appellate attorney's fees. With respect to the portion of the award stemming from Hjella's first appeal, we also note the trial court granted contingent appellate attorney's fees in amounts it deemed reasonable and necessary before the initial appeal, the only appeal from which Red McCombs can recover attorney's fees. It appears the fees Red McCombs requested far exceed those amounts and do not account for a reduction to reflect its unsuccessful defense against the portion of Hjella's initial appeal where this court sustained Hjella's attorney's fees complaint. Finally, given the circumstances precipitating the

mandamus proceeding, Hjella should not bear the burden of paying any portion of Red McCombs's attorney's fees incurred in connection with the mandamus proceeding. Therefore, the trial court abused its discretion when it awarded Red McCombs $80,000 in attorney's fees.

Accordingly, we sustain Hjella's first issue.

## CONCLUSION

As previously determined in this court's prior opinion, the trial court's April 13, 2020 Final Summary Judgment left "no doubt" about the finality of the case. We decline to address the finality of the 2020 final judgment in this appeal.

The trial court's January 30, 2023 Final Judgment awarding Red McCombs $80,000 in attorney's fees is reversed. We remand the cause to the trial court again for the determination of attorney's fees, if any, and direct any such award of attorney's fees be determined consistent with this opinion.

Irene Rios, Justice